THE PEOPLE ex rel. THE TRUSTEES OF SCHOOL DISTRICT No. 25, in the Town of Hempstead, Appellants, *v.* THE BOARD OF TOWN AUDITORS of the Town of Hempstead et al., Respondents.

Under the act of 1870 (Chap. 591, Laws of 1870), authorizing the people of the town of Hempstead to elect a town treasurer to receive and invest the moneys arising from sales of the common lands of the town, and directing that two-thirds of the accruing interest, " or so much thereof as may be deemed necessary for the common schools of the town, to be determined by the said board of town auditors from an inspection and examination of the last annual reports of the trustees, and boards of education of said town, shall be apportioned among the several school districts of said town in the same manner and upon the same basis as the public school moneys of the state are apportioned," the board of town auditors have no power to change as between two districts an apportionment once made, and which was valid at the time, so as to adjust equities growing out of a change in the report of the districts, and in the statistics made by the state superintendent of public instruction subsequent to the apportionment.

Nor can said board be required by mandamus to exercise such a power, or, *it seems,* any power, or to perform any duty except those specified in the statute.

The state superintendent of public instruction has no jurisdiction to hear and determine an appeal from an apportionment made by town auditors under said act; such jurisdiction is not given by the provisions of the act of 1864 relating to schools (Chap. 555, Laws of 1864), which authorize the superintendent to supervise all trusts for the benefit of schools, as said act of 1870 does not create a trust for school purposes.

By an act passed in 1885 (Chap. 152, Laws of 1885), a portion of the then existing school district No. 1 in said town was erected into a new school district known as school district No. 25.   The new district remained

unorganized until the latter part of August, a few days before the expiration of the school year. The old district maintained the school in the new district during the year 1885, employed the teachers and filed the report required by law for that year as it had been done before, and the apportionment of the public school funds by the state for the year expiring August, 1886, was made to district No. 1 as if the new district had not been formed. The board of town auditors made apportionments in December, 1885, and in June, 1886, in exact conformity with said act of 1870. Subsequently, on petition of the trustees of district No. 25 to the state superintendent, in the nature of an appeal, that officer decided that the apportionment of public school moneys for the year 1886 was erroneous, and directed that the report and statistics be corrected, and that district No. 1 pay over to district No. 25 its portion of the funds, or in case of failure to do so before the apportionment of 1887, that the then share of No. 1 should be correspondingly reduced, and that of No. 25 increased. The trustees of district No. 25 thereupon appealed to the superintendent from the apportionment made by the board of town auditors; that officer thereupon ordered said board at the time of the next apportionment to withhold from any district which had received a larger sum than properly belonged to it, as shown by the reapportionment made by him, the excess so paid, and to pay it to any district which had received less than its share. The said board of town auditors having failed to comply with this order, the trustees of district No. 25 applied for a mandamus requiring said board, at their next meeting in August, 1887, to correct the apportionments so made in 1885 and 1886 by withholding the sum received by district No. 1 to which No. 25 was claimed to be entitled, and paying it to the latter district. *Held*, that the application was properly denied.

(Argued April 29, 1891; decided June 2, 1891.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 8, 1890, which affirmed an order of Special Term denying relator's application for a writ of mandamus to compel the board of town auditors of the town of Hempstead to comply with an order of the state superintendent of public instruction.

The facts, so far as material, are stated in the opinion.

*Asa Bird Gardner* for appellant. The state superintendent of public instruction had jurisdiction to hear and decide

the appeal of the trustees of school district No. 25 against the board of education of school district No. 1, and to correct accordingly their annual school reports for the school year of 1884–1885. (Laws of 1864, chap. 555, §§ 10, 14; Laws of 1886, chap. 558; Laws of 1887, chap. 710; 3 Den. 177; 11 Wend. 91.) The state superintendent of public instruction having had jurisdiction in the appeal of the trustees of school district No. 25 against the board of education of school district No. 1, his decision and order on the issues involved and in correction of the annual school reports of those districts for 1884–1885 should have been taken as final and conclusive and as *res adjudicata.* (Code Pub. Inst. § 126.) The state superintendent of public instruction had jurisdiction to entertain the appeal of the trustees of school district No. 25 against the board of town auditors, and to decide that the duplicate annual school report of 1884–1885 of the board of education of school district No. 1 was erroneous, and to direct a correction of the error in apportionment which had been based on such erroneous report, and a new apportionment when school moneys were available therefor. (Laws of 1870, chap. 591; Laws of 1864, chap. 555, §§ 1, 10, 11.) The discretion assumed to be exercised by the Special Term in denying the application for a peremptory mandamus against the board of town auditors of Hempstead was not a judicial, but an arbitrary discretion, not warranted by the law or facts. (Laws of 1864, chap. 555, § 1.)

*Augustus N. Weller* for respondents. Mandamus will not issue in a case like the present. (*People* v. *Bd. of Police,* 107 N. Y. 235; *People* v. *Common Council,* 78 id. 33; *People* v. *Chapin,* 103 id. 635; *People* v. *Barnes,* 44 Hun, 574; 114 N. Y. 317; *People* v. *Fairman,* 12 Abb. [N. C.] 268; *Abrams* v. *Town of Hemstead,* 45 Hun, 272.) Mandamus will not issue in this case because the functions of the town auditors are exhausted, and they have no power to do what the writ would require them to do. (Laws of 1870, chap. 591; *People* v. *Barnes,* 114 N. Y. 317; *Osterhoudt* v. *Rigney,* 98

id. 222, 234; *People* v. *O'Keefe,* 100 id. 572; *People* v. *Bd. Suprs.,* 30 Hun, 148.) The state superintendent had no power to control the action of the town auditors in respect to the fund in question, and his decision assuming to exercise such power is not controlling upon this court. (Code Pub. Inst. art. 2, §§ 1, 15.) The moneys in question did not equitably belong to district 25. Upon the merits, the relators are not entitled to relief. (Code Pub. Inst. §§ 7, 10, 29.)

O'BRIEN, J. The trustees of school district No. 25, of the town of Hempstead in the county of Queens, claim that the town auditors of that town, in apportioning interest moneys upon investments held by the town upon sale of certain of its lands under chapter 591 of the Laws of 1870, awarded to school district No. 1 the sum of $154.70 which should have been awarded to said district No. 25, and an adjustment of the controversy between these two school districts is sought by means of the writ of mandamus. The precise relief prayed for is that the board of town auditors of the town, composed of the supervisor, justices of the peace and town clerk, be commanded at their next meeting in August, 1889, to correct the apportionment of interest on investments, made under the statute above referred to, on the 21st day of December, 1885, and on the 5th day of June, 1886, to school district No. 1, by withholding at said next apportionment the sum of $154.70 from that district and directing that it be paid to district No. 25. The courts below were of the opinion that there was no power in the board of town auditors to do this, although it does not appear from the order entered whether the application was denied on the ground of want of power to grant it or in the exercise of discretion. The motion for the writ was made in behalf of school district No. 25, and unless it appears that the relief sought was the enforcement of a clear legal right, the courts below properly refused it. By the act of 1870, above referred to, the people of the town of Hempstead were authorized to elect a town treasurer who was to receive, invest, deposit and disburse, as in the statute particularly prescribed, all moneys arising from

the sale of the plain or common lands, or from the sale or rental of any common lands, purchases or privileges belonging to the town, the principal sum to remain a permanent fund forever. Power was given to expend the interest accruing on this fund as follows: " Section 8. The interest accruing after deducting the expenses of the office of the said treasurer shall be disposed of as follows: First, two-thirds, or so much thereof as may be deemed necessary for the common schools of said town, to be determined by the said board of town auditors from an inspection and examination of the last annual reports of the trustees and boards of education of said town, shall be apportioned among the several school districts of said town in the same manner and upon the same basis as the public school moneys of the state are apportioned; and the said treasurer, upon receiving from the said board of town auditors a certificate of such apportionment, shall pay to the trustees and boards of education of the several school districts of said town the amount to which they are respectively entitled for the current year; second, the remaining one-third of interest, or so much thereof as may be deemed necessary by said board of town auditors, shall be paid by the said treasurer to the overseers of the poor of said town upon the certificate of said board and appropriated and disbursed by said overseers for the support of the poor of said town." It will be seen that the only power conferred, or duty imposed upon the board of town auditors. is to inspect and examine the last annual report of the trustees and boards of education of the town of Hempstead, and to apportion among the several school districts of the town the interest on the fund above mentioned, in the same manner and upon the same basis as the public school moneys of the state were apportioned, and to make a certificate of their action and file the same with the treasurer of the town. They have no custody or control of the fund itself, no power to direct its payment, for that duty is devolved upon the treasurer upon receipt by him of the certificate of the auditors.

It is admitted, however, in this case that the duty imposed by statute upon the town auditors was performed on the 25th

day of December, 1885, and again on the 5th day of June, 1886, according to the situation then existing and in exact conformity with the statute ; and the object of this proceeding is to compel the board to change and modify the apportionment thus made. The ground of this claim is as follows : By chapter 152 of the Laws of 1885, certain portions of the village of Garden City, which prior to that date had been included within the limits of school district No. 1, was erected by the legislature into a new school district to be known as district No. 25, of the town.   The new district, thus created, remained unorganized until the latter part of August, 1885, a few days before the expiration of the school year.   Up to that time this new district had no trustees, no teachers, maintained no school , and as is claimed did nothing as a district to entitle it to an apportionment of the public school moneys of the state.   A branch school was maintained during the school year of 1885, within the limits of the new district, as it had been maintained for some time before, by district No. 1.   The old district employed the teachers, controlled the organization of the school and filed the report containing the statistics required by law in 1885, just as it had before.   The apportionment of public school funds by the state for the year expiring August, 1886, was made to district No. 1, the same as if the new district had not been formed, and the new district received nothing.   But shortly after the organization of district No. 25, its trustees applied by petition, in the nature of an appeal to the state superintendent of public instruction alleging that the new district was entitled to a portion of the public school moneys for that year which had been apportioned to the old district.   The appeal was heard, and the superintendent decided that the apportionment had been erroneously made, and directed that the report and statistics filed be corrected and that district No. 1, pay over to district No. 25, a part of the sum which it received in the apportionment of 1886, or in case of failure to do so before the apportionment of 1887, that the then share of district No. 1, should be correspondingly reduced and the share of district No. 25, correspondingly increased.   But before these changes had been made in

the apportionment of the state school moneys, as between these two districts, and in the basis of apportionment the board of town auditors, acting under the authority conferred upon them by the statute relative to the interest on the local fund derived from the common lands, had proceeded, as above stated, to apportion a part of such interest among the several school districts of the town according to the report of the district trustees and just as the public school moneys of the state had been apportioned and distributed. The contention of the board of town auditors is that they have no power to change the apportionment of December, 1885, and June, 1886, as that was made upon the basis required by the statute and completed by them, and being once completed they had no power or jurisdiction to act again or change what they had done.

The trustees of district No. 25, having succeeded in the contest for the public money, again appealed to the state superintendent of public instruction, and insisted upon this appeal that he had jurisdiction to compel the town auditors to change, modify and correct the apportionment completed by them in 1885 and 1886, and to pay to the new district the portion of the money derived from the interest of the fund realized from the sale of the common lands of the town. The superintendent, upon this appeal, determined the question in favor of the trustees of district No. 25, and ordered that the board of town auditors, at the time of the next apportionment and distribution of town moneys to schools, should withhold from any district which had been paid a larger sum than properly belonged to it, as shown by the reapportionment previously made by him, the excess so paid, and should pay to any district which had received less than its share as shown by such reapportionment, the sum which it thereby appeared to be entitled to.

The board of town auditors have failed to comply with this order, and the trustees of district No. 25, by this proceeding, are attempting to compel them to comply by means of a peremptory mandamus. The writ is asked by the relators, not for the purpose of compelling the town auditors to apportion, in the year 1889, among the school districts of the town the

local school fund, according to the last annual reports of the trustees and boards of education of the town, upon the same basis as the school moneys of the state have been apportioned, but to modify and change, as between two districts an apportionment made nearly four years before by making certain deductions from the share which one district was entitled to in 1889, and corresponding additions to the share of the other. This is requiring the auditors to adjust equities growing out of a change in the report of the districts, and in statistics made by the state superintendent for the purpose of distribution of state funds subsequent to the action of the town officers, which at the time was perfectly valid.

We think that the town auditors could not, of their own motion, exercise this power, and they cannot be required by mandamus to exercise any power or perform any duty, except those specified in the statute.

The duty of the town auditors is statutory and ministerial. When they apportioned the moneys to the schools in the years 1885 and 1886, according to the letter and spirit of the statute, as it is admitted they did, their powers and duties respecting the moneys of the town for those years were at an end, and they cannot now be required to change and modify the apportionment then made to conform to the changes and corrections made by the superintendent of public instruction in the apportionment of the state funds for those years.

The auditors possess no power and have no duties to perform with respect to the payment of the moneys of the town. That duty devolves upon the town treasurer, and it seems to us that there is quite as much ground for the relators to claim that a mandamus will lie against the town treasurer upon receiving the certificate of the auditors, apportioning the funds among the various school districts, to require him to then deduct $154.70 from the share apportioned to district No. 1, and pay it over to district No. 25. The argument in behalf of the relators is grounded mainly, if not entirely, upon the proposition that the decision of the superintendent of public instruction, requiring the town auditors to change

and correct the apportionment of the local fund made by them, as above stated, is final and conclusive as an adjudication in regard to their legal duty. In order to give such effect to the decision the superintendent, like all other officers proceeding judicially, must have obtained jurisdiction of the parties and of the subject-matter. The power to hear and determine an appeal from the action of the town auditors is not, we think, included in the jurisdiction conferred by the legislature upon the superintendent in the statute relating to schools. (Laws 1864, chap. 555.) It is urged that the power is covered by the provisions contained in the second article of the chapter, which authorize the superintendent to supervise all trusts for the benefit of schools. The provisions of the act of 1870, relating to the town of Hempstead do not create a trust for school purposes within the meaning of this article. The town owned certain lands in its own right, which were sold and converted into money. The legislature authorized the town, through its own officers, to invest the fund and to apply the interest thereon, partly to the support of the schools of the town, and partly to the support of the poor. The care and management of the fund and the disposition of the accruing annual interest devolves under the statute, not to trustees of a trust, but upon public officers chosen by the electors of the town. The court, no doubt may compel these officers, by mandamus, to perform every duty that the statute enjoins upon them. They have complied with the statute by making an apportionment of the interest on the fund between the several school districts of the town, in the manner and according to the basis prescribed, and they cannot now be required to change it, in order to conform to a change subsequently made by the superintendent in the division and apportionment of the funds under his control. This power has not been given to the auditors by the statute and it cannot be conferred by the court. The order of the General Term should be affirmed with costs.

All concur.

Order affirmed.