(58 Misc. Rep. 297.)

### HARRIS v. DRAPER et al.

(Supreme Court, Special Term, Rensselaer County. February, 1908.)

1. SCHOOLS AND SCHOOL DISTRICTS—"COMMON SCHOOLS."

Under the legislation relating to the public schools of the state, the charter of the city of Troy, a city of the second class, as amended, and the Constitution, providing for the establishment of a public school system, the schools of the city of Troy are common schools, and a part of the common school system of the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Schools and School Districts, § 14.

For other definitions, see Words and Phrases, vol. 2, pp. 1335–1336.]

2 SAME—BOARD OF EDUCATION—STATUTES.

Laws 1902, p. 1341, c. 560, entitled "An act to amend" Laws 1898, p. 371, c. 182, "relative to the department of public instruction in cities of the second class," providing for a board of education, composed of three members, to be called "Commissioners of Education," which board shall be the head of the department of public instruction in such cities, charged with the duties of commissioners of common schools and of trustees of the several districts in the state under the general statutes relating to common schools, etc., and providing for a superintendent of schools, re-

lates to matters pertaining to common schools of the state, including those within cities of the second class.

**3. SAME—COMMISSIONER OF EDUCATION—JURISDICTION—APPEALS.**

The jurisdiction of the Commissioner of Education applies to the common schools of cities of the second class, including the city of Troy, so that an appeal from an order dismissing a proceeding to remove a superintendent of schools of such city was properly taken to such Commissioner, under Laws 1894, p. 1181, c. 556, as amended by Laws 1904, p. 94, c. 40, conferring on the Commissioner of Education the powers and duties of Superintendent of Public Instruction previously exercised by such Superintendent, including the power to determine such appeals.

**4. SAME—RIGHT TO APPEAL—PERSON AGGRIEVED.**

Under Laws 1894, p. 1181, c. 556, as amended by Laws 1904, p. 94, c. 40, conferring on the Commissioner of Education authority to hear appeals of any person considering himself aggrieved in consequence of any decision of a board of education with reference to the common schools of the state, it is the duty of the appellant to establish before the commissioner that he is in fact a party aggrieved by the decision appealed from.

Application of Edwin S. Harris for a writ of prohibition against Andrew S. Draper, as Commissioner of Education of the state of New York, and Elias P. Mann, individually and as mayor of the city of Troy, to restrain a further prosecution and hearing of an appeal taken by the respondent Mann from a decision of the board of education of the city of Troy dismissing charges preferred against relator as superintendent of schools of such city. Writ dismissed.

John T. Norton, for petitioner.
G. B. Wellington, Corp. Counsel, for mayor of the city of Troy.
Thomas E. Finegan, for Commissioner of Education.

BETTS, J. An alternative writ of prohibition has heretofore been granted in this matter restraining the defendant Andrew S. Draper, as Commissioner of Education of the state of New York, from hearing a certain appeal taken by Elias P. Mann, individually and as mayor of the city of Troy, from a decision of the board of education of the city of Troy on charges preferred against Edwin S. Harris the relator, superintendent of schools of said city of Troy, by said Mann, the defendant, which charges were dismissed by the said board of education after a trial thereof. An appeal was taken by said Elias P. Mann from the decision of said board of education to the defendant Andrew S. Draper, Commissioner of Education. The question was argued before said commissioner as to whether he had jurisdiction to hear said appeal, and as a result of said argument the said Draper decided that he had jurisdiction to hear and determine the appeal from the decision of said board of education and to review its decision. An application is now made to make this alternative writ of prohibition absolute on the ground that the Commissioner of Education has no jurisdiction to hear this appeal. Elias P. Mann, individually and as mayor, makes a return objecting to the legal sufficiency of the papers upon which the writ of prohibition herein was granted, and alleging that the said Draper has jurisdiction of the appeal referred to in the petition herein.

Practically all the questions submitted here were decided in People of the State of New York ex rel. Martin H. Walrath, Appellant,

v. Frank E. O'Brien and Others, Acting as Commissioners of Education of and for the City of Troy, Respondents, 112 App. Div. 97, 97 N. Y. Supp. 1115, except in that case the relator therein conceded (1) that the public schools of Troy were common schools, and (2) that chapter 560, p. 1341, of the Laws of 1902, including the city of Troy, is an act pertaining to common schools, which matters are not conceded here by this relator, but are denied. We shall address ourselves then to those two questions.

We find by chapter 66 of the Laws of 1805 an act passed to raise a fund for the encouragement of common schools. Chapter 32 of the Laws of 1807 is an act farther to increase the common school fund. In chapter 246 of the Laws of 1811, entitled "An act for the payment of certain officers of government and for other purposes," we find section 54 to be as follows:

"It shall and may be lawful for the person administering the government to appoint five commissioners to report, at the next meeting of the Legislature, a system for the organization and establishment of common schools, and the distribution of the interest of the school fund among the common schools in this state."

In the following year (June 19, 1812) chapter 242 of the Laws of that year, "An act for the establishment of common schools," was passed, which provided for an officer within this state, to be known as the "Superintendent of Common Schools," and in which act provision was made for the distribution of the school fund to be later acquired. By chapter 192, p. 229, of the Laws of 1814, "An act for the better establishment of common schools," which repealed the prior act of 1812, a more elaborate scheme was provided for the establishment of common schools in this state, and provision was made for the general apportionment of moneys for the said common schools. Somewhat similar provision for the organization and support of the common schools has continued under statutory authority ever since, and there has been an officer designated as the "Superintendent of Public Instruction," until the act (chapter 40, p. 94, of the Laws of 1904) was passed which repealed the last act on that subject as to the title of the office, and designated an officer with substantially the same and additional duties as the "Commissioner of Education," which position is now held by the defendant Draper.

Chapter 131, p. 129, of the Laws of 1816 is entitled "An act to incorporate the city of Troy." Commencing with the preamble of section 40 of that act, and including sections 40 to 47, inclusive, provision is made for school and educational matters in said city. Section 42 thereof provides that the school trustees, whose election is provided for in that statute, shall be required to perform the duties of inspectors and trustees under the "act for the better establishment of common schools," subject to such regulations as the common council of said city shall make. Section 43 provided that the moneys which shall arise from the distribution of the school fund shall be appropriated to the support of the city's schools by the commissioners of schools. By chapter 198, p. 299, of the Laws of 1849, the Legislature amended the charter of the city of Troy, and provided for the establishment

of free schools in said city. Section 3 thereof provided, among other things, that the said city in its corporate capacity should be able to hold and dispose of any real or personal estate transferred to it by bequest or devise for the use of the common schools of the said city. Section 8 provided that the common council of the said city might make appointment of commissioners of the common schools. Section 9 provided how any commissioner of common schools might be removed, and section 10 provided that the commissioners of common schools in said city shall constitute a board, to be styled the "Board of Education of the City of Troy." By subdivision 1 of section 14 it was provided that said board shall have power, and it shall be their duty to establish and· organize in the several wards of said city such and so many schools (including the common schools now existing therein) as they shall deem requisite and expedient; and by subdivision 9 "to have in all respects the superintendence, supervision and management of the common schools" in said city; and by section·22 all moneys received by said city for or on account of the common schools should be deposited with the chamberlain of the said city to the credit of the board of education, to be used by said board of education in accordance with the provisions of that act. By chapter 186, p. 359, of the Laws of 1851 (section 6), provision was made for election of farther commissioners of common schools in said city of Troy. By chapter 129, p. 284, of the Laws of 1872, which was an act to amend the charter of the city of Troy, it was provided, among other things, that the officers of said city should consist of two commissioners of common schools for each ward and various other officers therein named. Chapter 80, p. 120, of the Laws of 1892, was "An act to organize a board of school commissioners in and for the city of Troy and to provide for the government and support of the public schools of said city." It provided for a board of seven school commissioners, to be appointed by the mayor of said city, to take the place of the existing board of school commissioners. Said board was given authority to appoint a superintendent of schools for the city of Troy, and was given the control and management of the several public schools of the city of Troy, and shall possess and·exercise all the powers now possessed by the present board of school commissioners in said city, except as in said act provided. Section 11, subd. 1, provided that said board shall have power, and it shall be their duty, to establish and organize such and so many schools, including the common schools now existing therein, as they shall deem requisite or expedient, and to alter and discontinue the same, by section 7 thereof to pay the wages of school teachers out of moneys appropriated and provided by law for the support of schools in said city as far as the same shall be sufficient, and by section 12, to make and transmit to the State Superintendent of Public Instruction a.report in writing annually.

Article 9, § 1, of the Constitution of the state of New York, adopted in 1894, provides as follows:

"Common Schools—Section 1. The Legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated."

Chapter 182, p. 371, of the Laws of 1898, was "An act for the government of cities of the second class," commonly known as the "White Charter." Troy is a city of the second class. Section 240 of that act, and subsequent sections, were amended by chapter 560, p. 1341, of the Laws of 1902, which is entitled "An act to amend chapter 182 of the Laws of 1898 relative to the department of public instruction in cities of the second class." Section 240 thereof provides for a board of education, composed of three members, to be called "Commissioners of Education," which is the board of education now had in the city of Troy, and provides said board shall be the head of the department of public instruction in said cities. Section 242 thereof is as follows:

"The board has all the powers and is charged with all the duties of commissioners of common schools, and of trustees of the several school districts in this state, under the general statutes relating to common schools, so far as such powers and duties can be made applicable to the schools herein provided for, and are not inconsistent with the provisions of this act."

Section 243, which is the section under which relator, Harris, holds his office, is as follows:

"The superintendent of schools shall hold office during the pleasure of the board. Any person may prefer charges of incompetency, maladministration or misconduct against the superintendent, and thereupon the board shall proceed to hear the charges, and in case the same shall be sustained by the affirmative vote of a majority thereof the superintendent shall be dismissed from his office."

I think, from this brief examination of the legislation relating to the schools of this state and the city of Troy, it must be fairly apparent that the schools of said city are common schools, part of the common school system of this state. It must also follow, from an examination of said legislation, that chapter 560, p. 1341, of the Laws of 1902, is an act pertaining to common schools. The title indicates it, and all the sections refer to matters pertaining to the common schools of the cities of the second class in this state. This supplies what was not determined by the Appellate Division in People ex rel. Walrath v. O'Brien, hereinbefore referred to. It seems to me clear that the Legislature intended the jurisdiction of the Commissioner of Education to apply to the common schools of the cities of the second class, including Troy. Hence the appeal herein is governed by subdivision 7, § 1, tit. 14, c. 556, p. 1181, of the Laws of 1894, as amended by chapter 40, p. 94, of the Laws of 1904, which confers upon the Commissioner of Education the powers and duties of Superintendent of Public Instruction heretofore exercised by the said superintendent, including the power to determine appeals of this kind.

The point is made by the relator that the defendant Mann is not a person aggrieved within the statute. The statute is:

"Any person conceiving himself aggrieved in consequence of any decision made * * * may appeal."

The Commissioner being given jurisdiction of the subject-matter of the appeal, the burden is on the defendant Mann to show before the Commissioner that he is aggrieved by the decision of the board of education.

The same reasoning applies to the farther point made, that under a strict reading of the statute applied to the circumstances of this case the Commissioner of Education might attempt to decide this appeal without notifying the relator, Harris, that it was pending. It will be time enough to provide for a contingency of that kind if it should ever arise.

It follows, therefore, that the writ of prohibition herein should be dismissed; and an order may be entered vacating or quashing it.