.[Ex Parte Livingston.]

# *Ex Parte* Livingston.

## *Murder.*

(Decided April 17, 1913. 61 South. 885.)

1. *Courts; Supervisory Jurisdiction; Certiorari; Writ.*—Where a relator could have advanced the same argument as to why the judgment of the Court of Appeals should have been sustained, on a writ of certiorari sued out by the state, he was not, after a reversal of that decision by this court entitled to a writ of certiorari to review the determination of the Court of Appeals affirming the judgment in accordance with the decision of this court.

2. *Certiorari; Nature of Writ; Right to.*—Certiorari is not a writ of right, and unless it is made so by the statute, it will not be granted except where substantial justice requires it.

CERTIORARI to Court of Appeals.

Petition by Morris Livingston for certiorari to Court of Appeals, to review the decision of that court, affirming the decision of the lower court in accordance with the decision of this court made in *Ex parte State, infra,* 61 South. 53. Petition denied.

WALTER NESMITH, J. C. MILNER, and KIRK, CARMICHAEL & RATHER, for appellant. Counsel discuss the merits of the petition with the insistence that there is manifest error in the admission of evidence, and the rulings made thereon by the Court of Appeals, as well

[Ex Parte Livingston.]

as their holdings on the propositions of law expressed in the opinion, and cite authorities to support their contention, but in view of the opinion it is not deemed necessary to here set them out.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, W. B. OLIVER, and M. T. ORMOND, for appellee. Counsel review the history of the case from the time of its first appeal to the Court of Appeals until the affirmance of the judgment of the lower court by the Court of Appeals in pursuance of the opinions rendered by the Supreme Court in the case of *Ex parte State of Alabama,* 61 South. 53, on application for rehearing, and in view of these facts, submit that the petition should be dismissed, and the court announce a limit to the applications which the parties may make, and the time when the decisions of the court upon these matters are final.

DE GRAFFENRIED, J.—In this case the defendant, Morris Livingston, was convicted of a felony, and appealed from the judgment of conviction to the Court of Appeals. The Court of Appeals, after considering the case, entered up a judgment reversing the judgment of the lower court. Thereupon the state, through the Attorney General, filed a petition in this court for a writ of certiorari in said case to said Court of Appeals, and upon a consideration of the said petition the writ of certiorari was granted, the judgment of the Court of Appeals was reversed, and the cause was remanded to that court for further proceedings in that court. Thereupon the Court of Appeals rendered a judgment in the cause, affirming the judgment of the lower court.

We have read the first opinion which was handed down by the Court of Appeals in this case, and in that

opinion that court discusses and decides adversely to the defendant every question which, in the present proceeding, the defendant presents to us. If, when this case was first before this court, the defendant was then of opinion that the rulings of the Court of Appeals of which he now complains were erroneous, he might then well have advanced the arguments which he now makes as reasons why the judgment of the Court of Appeals, *reversing* the judgment of the court below, should have been sustained. This the defendant did not do, and he now undertakes, by this proceeding, to obtain rulings from this court upon questions which it did not then consider, although, if there is any merit in any of the defendant's contentions, it might have then done so. This being the situation, we see no reason why this court should entertain the petition for the writ of certiorari.

A writ of certiorari is not a writ of right, until made so by statute. It will not be granted, unless *substantial* justice requires that it shall be granted.—*Independent Publishing Co. v. American Press Ass'n,* 102 Ala. 475, 15 South. 947. In our opinion, substantial justice does not require the granting of the writ prayed for in this case.

The writ of certiorari is therefore denied. All the Justices concur, except DOWDELL, C. J., not sitting.