# Wasserleben *v.* The State.

*Murder.*

(Decided November 20, 1913.   63 South. 520.)

1. *Trial; Reception of Evidence; Objections.*—An objection to any further statement by the witness not addressed to any particular question is not available for any purpose.

2. *Evidence; Inculpatory Admissions.*—Statements of a defendant indicating a desire and effort to conceal a crime are inculpatory admissions and admissible under the law governing direct confessions, though not amounting to a confession.

3. *Appeal and Error; Presumptions.*—Although inculpatory admissions are presumptively involuntary, yet it will be presumed on appeal that the trial court admitting them required the proper predicate to be laid, unless the record affirmatively shows to the contrary.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Virginia T. Wasserleben and Mary T. Godau were indicted jointly for the murder of Frank Wasserleben.

[Wasserleben v. The State.]

A severance was ordered and this defendant was tried and convicted of murder in the 1st degree and sentenced to life imprisonment, from which judgment she appeals. Affirmed.

FOSTER K. HALE, Jr., and C. W. TOMPKINS, for appellant. The court erred in not sustaining objection to any further statement of the witness Lafield, as there was no evidence to show a conspiracy and whatever the appellant said after the murder had been committed was immaterial.—Sec. 6220, Code 1907. The evidence was also in the nature of a confession and not admissible unless shown to be voluntary. Charges 13 and 15 should have been given.—22 South. 775. Charge 20 should have been given.—139 Ala. 723. Charge 30 should have been given.—141 Ala. 61. Charge 39 should have been given. —22 South. 551; 115 Ala. 42. Charge 52 should have been given.—39 N. E. 929.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The method of objection to the testimony of the witness Lafield was not available for any purpose. The admissions were properly admitted.—Wilson v. State, 84 Ala. 426. The presumption will be indulged that a proper predicate was laid in the absence of an affirmative showing to the contrary.—Ex parte Livingston, 61 South. 54.

ANDERSON, J.—Wesley P. Lafield, a witness for the state in rebuttal, after testifying as to the defendant's coming to his house Saturday night and calling him, was interrupted by an objection by the defendant's counsel to any further statement by the witness. This objection was to no question asked by the solicitor and was but a general, speculative objection to whatever the witness

might subsequently narrate, whether legal or not, and was not such an objection as could put the trial court in error for overruling same. The witness then proceeded to state what the defendant told him in reference to the killing and of her efforts to conceal same, and there was no objection to this, or motion to exclude same, until the witness was asked if defendant told him anything about the children. This last question was objected to as leading, and the court does not seem to have ruled on same. The defendant's counsel then objected to the statement that defendant told witness that she buried the bloody clothes under the house. As to this there was no ruling by the court or any exception.

We do not mean to hold that any of the testimony of this witness was incompetent, as some of it was contradictory of her testimony as a witness and while she disclaimed any knowledge in her statement to the witness of who killed the deceased, and which kept her statement from amounting to a confession, yet much of it showed a desire and effort to conceal the crime, and amounted, at least, to inculpatory admissions, and their admissibility in evidence is determinable by the same principles as those governing direct confessions.—*Wilson v. State,* 84 Ala. 426, 4 South. 383; *Shelton v. State,* 144 Ala. 106, 42 South. 30.

These admissions are presumptively involuntary, but the trial court is presumed to have done its duty in requiring the proper predicate, unless it affirmatively appears that it was not established.—*Ex parte Livingston v. State,* 181 Ala. 94, 61 South. 54; *Price v. State,* 117 Ala. 113, 23 South. 691. Moreover, if it affirmatively appeared that a proper predicate was not laid, there is no special objection to this evidence as disassociated from that which did not require a predicate. Indeed, the ob-

jection was to no question and was made before this testimony was given and regardless of what it might be.

. While we treat only such ruling upon evidence as is argued in brief of counsel, we are not unmindful of our duty, under the statute, to consider all objections and exceptions in criminal cases, and which has been done in this case and we find no reversible error.

The written charges refused the defendant were either bad or else fully covered by charges given at her request, and the trial court committed no reversible error in refusing any of said charges.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.