140 So. 418
**HARMAN, Superintendent of Education, v. IDE et al.**

3 Div. 990.

Supreme Court of Alabama.

Jan. 14, 1932.

Rehearing Denied March 31, 1932.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for appellant.

Knox, Acker, Sterne & Liles and Bibb, Field & Woolf, all of Anniston, for appellees.

FOSTER, J.

The matters involved on this appeal require a construction of those features of the school law relating to the right of appeal to the state superintendent of education. The state superintendent has construed the law to give him a discretion as to whether he would review, and in the exercise of that discretion he determined not to review, the matter. This is a mandamus sought from the courts requiring him to entertain the appeal, and determine the question submitted.

The Act of the Legislature of Alabama, approved August 25, 1927 (Acts 1927, p. 442), appropriated $900,000 annually as an equalization fund, to be apportioned to the several counties so as to maintain what is called a minimum program for the school term. An amount was apportioned in 1931 and paid to Calhoun county. The city board of Jacksonville contend that the county board did not apportion to it for its public schools an equitable amount sufficient to maintain its schools up to the minimum program. It further contends that, in securing for the county its quota of the equalization fund, the county and state school authorities made their calculations upon the theory that the city of Jacksonville should have $18,417.62 of that fund, and upon such calculation the amount of that fund allotted to that county was awarded. But that the county board has only allowed the city $10,000, because of its connection with the State Teachers' College there, which is insufficient, it is claimed, to maintain its schools to the minimum program. The city board then sought to appeal to the state superintendent of education.

The question is whether they have an absolute right to appeal, or whether the superintendent has a discretion to entertain it. The county board exercises a discretion in the apportionment of county school funds. Section 246, School Code. While it may be that the equalization fund is not a part of the public school fund which must be apportioned to each county in exact proportion to the number of school children of school age therein, and therefore not controlled by section 256 of the Constitution (Opinions of the Justices, 215 Ala. 524, 111 So. 312), but is subject to apportionment among the counties as provided by said act, there is no provision in the act as to the manner of its apportionment to the various schools of the county, nor is there any other provision for such apportionment except as provided by section 246, School Code. That section applies to all school funds, after they have been apportioned to the several counties. So that, though it may not be controlled by section 256, Constitution, it clearly is within section 246, School Code. That section of the School Code is quite similar in many respects to what was formerly section 207, referred to in State v. County Board of Education, 214 Ala. 620, 108 So. 588. In respect to it this court there held that in making such apportionment the county board exercised a wide discretion, not reviewable by the courts, except for abuse; that such delicate and responsible duties were judicial in their nature, and that mere error of judgment did not call into exercise a review by the courts. In this

case counsel have undertaken to review the apportionment, not by appeal to the courts, but to the state superintendent of education, for a trial de novo in effect of the apportionment of the school funds of the county.

This would involve a careful study of the entire school system of the county extending to every public school, and city school boards, and the respective needs of each of them. The petition shows that the minutes of the county board state that the subject was discussed at length, and the board awarded to Anniston and Piedmont $1,000 each in addition to the amounts calculated in the equalization program, and to Jacksonville $10,000 in all, which was $8,417.62 less than the amount so calculated, and that the balance be applied to the rural schools.

It is not here contended that such apportionment was not within the authority of the board, or that Jacksonville has any legal right to funds in excess of those apportioned to it. But the contention is that this city has the legal right to have this exercise of discretion by the county board reviewed on appeal to the state superintendent of education, who shall substitute his discretion for that of the county board. So that on appeal to the state superintendent of education the only consideration would be the justice and equity of the apportionment made by the county board, as reviewed by the state superintendent.

Whether the matter sought to be reviewed be treated as a controversy or dispute under section 68, or should be controlled by section 71, expressly giving authority to the state superintendent of education to review actions and orders of the county and city boards, the ultimate question is whether the exercise of the discretion conferred exclusively upon the county board to apportion the funds in that county is the subject of appeal as a matter of right.

There have been decisions of other courts upon the subject. In re Appeal of Gardiner, 4 R. I. 602, where provision was made for appeal from school authorities, by any person aggrieved (italics there shown), it was held that it did not confer such right, except when such person had been subjected to a legal wrong, and not when the school authority merely exercised its discretion against his interest. That court expressed their views thus: "As, however, the discretion to decide this question, is, by law, vested in the school committee, I can see no wrong done to any one by their decision, however unwise it may be, and no question for the commissioner, upon appeal, to determine. The power to decide this question is with them, as it must be with some one, or some body; and so that they decide it fairly, not exceeding their power under the law, no one has a right to complain of or to correct them. Any other construction of the appellate power of the commissioner

would throw every discretionary power, vested by the school-law in the school corporations or officials, into his hands; since, upon appeal, he would be authorized to revise and control their exercise of it." See, also, Harris v. Draper, 58 Misc. Rep. 297, 109 N. Y. S. 983.

In our case of Board of Education v. State, 222 Ala. 70, 131 So. 239, petitioners for mandamus had a clear legal right to have the school authorities make regulations for school attendance in the city and county by children residing respectively in the county or city. This had not been done after request. The court held that they must proceed to do so. No right of appeal was involved.

Petitioners do not here assert that any legal right of theirs to a certain amount of school funds was violated by the county board in making the apportionment. In fact, the discretion which the board is shown to possess directly conflicts with any such right. The only right they have is due consideration and appropriate action by the county board. This has been performed.

But it is contended that a right of appeal was expressly conferred by section 68, School Code. It will be observed that that feature of the School Law does not mention appeals, but its language is that the state superintendent of education "shall decide, without expense to the parties concerned, all controversies and disputes involving the proper administration of the public school system." The state of Oregon having a provision that "he shall decide, without cost to the parties appealing, all questions and disputes that may arise under the school laws of the state," (2 Hill's Ann. Laws 1892, § 2572), and though the state board had provided for an appeal from the county superintendent to the state superintendent, the Supreme Court of that state used language which in some important features is appropriate on this appeal, and which to that extent expresses our views, as follows: "The power to hear and determine matters on appeal would seem to have been in the contemplation of the legislature from the reading of section 2572, wherein the state superintendent is required to decide questions and disputes arising under the school laws without cost to the parties appealing. But there is here involved the right of parties to appeal to his jurisdiction, and, unless given by statute, it does not exist. The language of the two sections alluded to, as defining or indicating the powers of the superintendent of public instruction, cannot be construed as conferring any such right upon the parties litigant, nor does the statute elsewhere give the remedy. There is no attempt whatever to designate or define the nature or the class of controversies from which an appeal may be taken, nor to indicate what parties to the controversy, if any, are entitled to pursue such remedy. No provisions are thereby

made whereby it may be inferred that the legislature even intended to confer any right on the litigants in the nature of a remedy by appeal to a higher functionary for redress, if not satisfied with the action of the officer entertaining original jurisdiction. The remedy by appeal is a matter quite distinct within itself, and, unless given by statute to litigants and parties who may feel themselves aggrieved by the action of a subordinate officer or tribunal, the right simply does not exist, and the action of such functionary is final, except as it may be reviewed by the courts upon appropriate proceedings, recognized by law."—Douglas County School District v. Irwin, 34 Or. 431, 56 P. 413, 414.

The Court of Appeals of New York in the case of People v. Board of Hempstead, 126 N. Y. 528, 27 N. E. 968, held that an act which authorized the superintendent to supervise all trusts for schools does not confer upon him the power to hear and determine an appeal.

We think, if section 68 was intended to apply to appeals at all, that it, in common with section 71, did not intend to confer upon the state superintendent the duty to review any action of the county board except upon the appeal of one whose rights have been infringed, or which does not involve merely a discretion which is otherwise finally committed to such county board. We do not understand that the authority to review conferred by section 71, School Code, is analogous to those statutes which merely create and confer jurisdiction upon courts. In connection with nisi prius courts, their creation and jurisdiction is but a provision to carry into effect the constitutional right of every person to go into a duly constituted court to redress his injuries by due process. Constitution, § 13; Federal Constitution, Fifth and Fourteenth Amendments. And when to them jurisdiction is given, or when they are created with certain powers and jurisdiction, they are at once open to all persons under the Constitution whose injuries are there made remedial. So likewise when a court with appellate jurisdiction and authority is created the right to appeal or other method of review must also be conferred in order that one may have a legal right to use such jurisdiction. If the right of review is not conferred, such court usually exercises its discretion as to whether it will review by some remedial writ, such as certiorari or mandamus. Such remedial writs are addressed to the sound discretion of the court in the absence of the assertion of a clear legal right to prevent injury, with no other remedy by which to redress it. (Certiorari) Independent Pub. Co. v. Press Ass'n, 102 Ala. 475, 15 So. 947; Ex parte Livingston, 181 Ala. 94, 61 So. 885; Ex parte L. & N. R. R. Co., 176 Ala. 631, 58 So. 315; Wright v. Court of

County Commissioners, 180 Ala. 534, 61 So. 918; (Mandamus) Bibb v. Gaston, 146 Ala. 434, 40 So. 936; Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559; Ex parte Watters, 180 Ala. 523, 527, 61 So. 904; Ex parte Green, 221 Ala. 298, 129 So. 72.

We observe no statute which confers upon petitioners such right of appeal to the state superintendent, nor is there here asserted a clear legal right of review by him, nor right to the fund apportioned. But, if the right of appeal were conferred in general terms, we think it would not apply to a situation in which the law vests a final discretion in some other person or commission, with no express or other clear right provided for its review by some other authority. We also cite the following authorities as bearing upon the general subject: 35 Cyc. 861, 24 R. C. L. 573, et seq.; Watkins v. Huff (Tex. Civ. App.) 63 S. W. 922; Id., 94 Tex. 631, 64 S. W. 682; In re Light, 21 Misc. Rep. 737, 49 N. Y. S. 345; Hutchinson v. Skinner, 21 Misc. Rep. 729, 49 N. Y. S. 360; Brooks v. Wyman, 128 Misc. Rep. 42, 217 N. Y. S. 751.

Our judgment is that the circuit court erred in overruling demurrer to the petition, but that it should be sustained. As the petition shows that petitioners are not due any relief, it would be useless to remand the cause to that court, but that it should be and is dismissed.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.