873 So.2d 261 (2003)
Ex parte State of Alabama.
(In re STATE of Alabama, v. A.R.C.)
CR-02-1359.
Court of Criminal Appeals of Alabama.
August 15, 2003.
*262 William H. Pryor, Jr., atty. gen., and Eugenia L. Loggins, district atty., for petitioner.
Gary L. Weaver, Andalusia, for respondents.
Judge M. Ashley McKathan, pro se.
PER CURIAM.
The district attorney for the twenty-second judicial circuit filed this petition for a writ of mandamus directing Judge M. Ashley McKathan to set aside his order in the underlying case excluding from evidence the victim's out-of-court statements. A.R.C. was indicted on a charge of sodomy in the first degree. On April 21, 2003, A.R.C.'s case was called to trial. During trial the district attorney attempted to introduce out-of-court statements made by the victim, who was five years old at the time of trial. The trial court excluded the statements after finding that they were not sufficiently corroborated pursuant to § 15-25-34, Ala.Code 1975. The State then filed this mandamus petition. The jury in A.R.C.'s trial has been recessed pending the outcome of this petition.
Initially, we note that this petition was styled both as a petition for a writ of mandamus and a petition for a writ of prohibition. The issue here concerns a trial court's evidentiary ruling. There is absolutely no question that the trial court had jurisdiction to make the ruling. As we stated in Ex parte Maye, 799 So.2d 944, 947 (Ala.2001), quoting Ex parte Moody, 681 So.2d 276, 277 (Ala.Crim.App.1996), a petition for a writ of prohibition "`"`properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction.' Ex parte City of Tuskegee, 447 So.2d 713, 716 (Ala.1984). "`"Because the question here is not one of jurisdiction, we have treated this petition as a petition for a writ of mandamus.
The question presented in this case is not whether the underlying evidentiary ruling by the trial court is correct but whether an extraordinary petition filed pursuant to Rule 21, Ala.R.App.P., is the proper means to obtain review of that ruling. Rule 21 governs the filing of petitions for extraordinary writs. Rule 21(e)(4), Ala.R.App.P., explains the term "extraordinary writ" as that term is used in the rule, and states, in part:
"(4) The term `extraordinary writ' within the meaning of this rule encompasses the situation where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable. This rule does not apply to those cases where review in a court of appeals is normally had by way of an extraordinary writ."
The writ of mandamus originated in England. In 1881, the Alabama Supreme Court stated the following concerning the writ:
"Mandamus was originally a prerogative writ, issuing out of the Court of King's Bench in England, and, by construction, it was a command from the King himself, who was constructively present in that court. It issued alone from that court, for that court alone represented the ideal presence of the sovereignty.3 Bl.Com. 110. In this country it can scarcely be called a prerogative writ. It is strictly a civil proceeding, and may be called a supplementary remedy, when the party has a clear right, and no other appropriate redress, to prevent a failure of justice.Bouv. Dic.; Union Pac. R.R. Co. v. Hall, 91 U.S. 343 [23 L.Ed. 428 (1875) ]; Moses on Mandamus, 16, 17; 4 Wait, Actions and Defenses, 357. In this State, to authorize the grant of this writ, there *263 must be shown a clear, specific legal right, and no other adequate remedy.2 Brick.Dig. 240, §§ 4, 5; State ex rel. v. Brewer, 61 Ala. 318 [ (1878) ]; Ex parte Schmidt, 62 Ala. 252 [(1878)]."
Leigh v. State, 69 Ala. 261, 266 (1881).
"`"Mandamus is not a writ of right, and the granting or denial of an application for mandamus rests very largely within the discretion of the court.... Mandamus, being a discretionary writ, will not be granted, when it would work injustice, or introduce confusion or disorder, or where it would not promote substantial justice." Bibb v. Gaston, 146 Ala. 434, 40 So. 936 [ (1906) ].' Harman, Supt. of Education v. Ide, 224 Ala. 414, 140 So. 418."
State ex rel. Tallapoosa County v. Butler, 227 Ala. 212, 215-16, 149 So. 101, 104 (1933). See also State v. Cannon, 369 So.2d 32 (Ala.1979). Generally, the writ will not be used to control or review discretionary acts by a lower court. Ex parte Edwards, 20 Ala.App. 567, 568, 104 So. 53, 54 (1925). However, there are exceptions to that general rule, as the Alabama Supreme Court noted in Foshee v. State, 210 Ala. 155, 157, 97 So. 565, 566 (1923):
"This rule, however, has an exception in this jurisdiction, for in some cases the writ of mandamus has been employed to correct errors of inferior tribunals, and to prevent a failure of justice where there is a clear right and there is an absence of any other adequate remedy, and it has also been employed to prevent an abuse of discretion, or to correct an arbitrary action outside of the exercise of a reasonable discretion."
The Supreme Court in Ex parte Spears, 621 So.2d 1255 (Ala.1993), discussed Alabama's judicial expansion of the writ of mandamus and explained why the scope of the writ should not be further expanded. The Alabama Supreme Court stated:
"It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by an appeal, a writ of mandamus will not be issued. Ex parte Fowler, 574 So.2d 745 (Ala.1990). However, this Court, exercising its discretion, has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent `undue injury.' See, e.g., Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala.1991) (mandamus proper to review discovery rulings); Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala.1988) (mandamus proper to enforce a trial court's compliance with this Court's mandate); Ex parte Rush, 419 So.2d 1388 (Ala.1982) (mandamus proper to enforce a statutory or constitutional right to a jury trial); Ex parte Weissinger, [247 Ala. 113, 22 So.2d 510 (1945) ] (mandamus proper to vacate certain interlocutory rulings in divorce cases); see, also, Ex parte Brooks, 264 Ala. 674, 89 So.2d 100 (1956); and Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432 (1955), and the cases cited therein. The rationale underlying the recognition of these exceptions has not always been crystal clear. For example, the remedy by appeal that will make mandamus review unavailable was described by this Court in one case as `one competent to afford relief on the very subject matter in question, and which is equally convenient, beneficial, and effectual.' See East v. Todd, 284 Ala. 495, 499, 226 So.2d 153, 156 (1969). Matters of expense and public interest have also been considered important factors in some cases. See, e.g., Ex parte Weissinger, supra. On the other hand, in Ex parte Moss, 278 Ala. 628, 179 So.2d 753 (1965); and Ex parte Brooks, supra, this Court stated that expense and inconvenience *264 were not controlling in determining whether a party had an adequate remedy by appeal.
"In this case we need not survey the law of mandamus so as to search out and reconcile inconsistencies that may exist. Suffice it to say that it was never generally contemplated that questions arising during the progress of a trial, ultimately reviewable on appeal, should be determined by an appellate court on petition for a writ of mandamus, in advance of a final judgment. Ex parte Taylor, 236 Ala. 219, 181 So. 760 (1938). In Ex parte Nice, 407 So.2d 874 (Ala.1981), this Court indicated that only the rarest of circumstances merits an intervention in a criminal case by mandamus. However, because this court has `permitted a liberal enlargement of the use of the writ' by recognizing, on occasion, certain exceptions to the general rule, we have examined the present case to see if it fits within any of those exceptions. We conclude that it does not.
"Spears is attempting by his petition to obtain appellate review of an interlocutory order rejecting his plea of double jeopardy. He is not seeking an order directing the trial judge to recognize a statutory or constitutional right to a trial by jury, so as to bring this case within the exception recognized in Ex parte Rush, supra. The record does not indicate that Spears is incarcerated; thus, he does not invoke the exception recognized in Smith v. State, 447 So.2d 1334 (Ala.1984). In Smith, this Court held that the Court of Criminal Appeals had properly issued a writ of mandamus directing the trial judge to correct an erroneous sentence even though the defendant had appealed his case, where the defendant had been improperly sentenced to 45 years of imprisonment and, because of the length of his sentence, was not entitled to apply for bail pending his appeal. But see Ex parte Busby, 276 Ala. 680, 166 So.2d 408 (1964), where the petitioner, an inmate, was denied mandamus review on the ground that he could have appealed the trial court's denial, without a hearing, of his petition for a writ of error coram nobis. Neither does this case involve a judicial usurpation of power or a gross disruption in the administration of criminal justice. See Ex parte Nice, supra. To the contrary, this case is materially indistinguishable from Ex parte Fowler, supra, in which the defendant in a criminal case sought a writ of mandamus directing the trial judge to grant her motion for a change of venue on the ground of prejudicial pretrial publicity, and Ex parte Pickett, 46 Ala.App. 227, 239 So.2d 900 (1970), in which the defendant sought a writ of mandamus directing the trial judge to vacate his order denying two pretrial motions to suppress evidence. In each of those cases, the defendant claimed to have received an adverse pretrial ruling and, although an erroneous ruling by the trial judge would have resulted in an expensive and unnecessary trial, mandamus review was denied on the ground that the petitioner had an adequate remedy by appeal from a final judgment.
"After carefully reviewing Spears's petition, his brief in support of the petition, and the state's brief in response, we conclude that Justice Mayfield's comments in Brittain v. Jenkins, supra, are equally appropriate in the present case:
"`In the instant case it does not appear that the matter complained of comes within any of the established exceptions to the previously stated general rule. It is, therefore, not necessary for our present consideration that we attempt to reconcile seeming inconsistencies arising out of prior exercise *265 of this court's discretion or that we seek to arrive at a more definitive standard concerning the circumstances under which an exception may be made to the general rule. It is sufficient that we adhere to our prior ruling in the case of Jackson Lumber Co. v. W.T. Smith Lumber Co., 247 Ala. 661, 25 So.2d 853, 854 [ (1946) ]. There the plaintiff brought an action for conversion and in assumpsit against the defendant. Defendant filed pleas of set-off and to these plaintiff pleaded in abatement. From a judgment sustaining a demurrer to the plea in abatement plaintiff appealed and applied for an alternative writ of mandamus. As to the latter this court held:
"`"There is also no authority to invoke this court's discretion to review the order by writ of mandamus.
"`"Such a nonappealable interlocutory ruling is not reviewable by mandamus when the matter complained of can be adequately redressed by appeal after final judgment. The general rule is that this court will not grant the writ for the mere purpose of review. Ex parte Jackson, 212 Ala. 496, 103 So. 558 [ (1925) ]; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512 [(1943) ].
"`"The principle was recently adhered to and reaffirmed in the last-cited case, where it was observed: `If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal.' Koonce v. Arnold, supra, 244 Ala. at page 514, 14 So.2d at page 515.
"`"The effort of appellant for the present review is plainly contrary to these well-considered authorities and it results that ... the petition for alternative writ [is due to be] denied."
"263 Ala. at 684-85, 83 So.2d at 433-34.
"The tendency of this Court in the past has been to enlarge the scope of the extraordinary writ of mandamus by recognizing certain exceptions to the general rule that orders ultimately reviewable on appeal from a final judgment are not subject to mandamus review. However, we should not continue to decide cases in a piecemeal fashion. For this reason, mandamus review will generally be restricted in the future to those cases where one of the recognized exceptions applies, or to those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review of a final judgment."
621 So.2d at 1256-58 (footnote omitted).
The Alabama Supreme Court in Ex parte Nice, 407 So.2d 874 (Ala.1981), had occasion to consider a mandamus petition filed by the State after the trial court had set aside the jury's verdict and ordered a new trial based largely on the "dubious" testimony of a State witness. The Court noted that the modern trend in criminal procedure is to permit the State to appeal both pretrial and after the fact-finding process is concluded.[1] The Court, holding that the case was reviewable by mandamus petition, proceeded to narrow its holding. The Court stated:
"Our holding that mandamus is appropriate in this case is not an invitation to the State to invoke supervisory *266 writs to seek review of lower court rulings which are adverse. We state again that only the rarest of circumstances merit intervention by mandamus. The provision for prosecution of appeals within our constitutional framework should come through legislative enactment or court rule, but sound judicial administration of the criminal laws should not await such action in appropriate cases where supervisory writs are indicated.
"We also point out that circumstances involving alleged errors of judgment, or errors in the exercise of judicial discretion, would not constitute grounds for invoking supervisory mandamus."
407 So.2d at 882. The appellate courts of this State have entertained mandamus petitions filed by the State in only limited circumstances. See State v. Grantland, 709 So.2d 1310 (Ala.Crim.App.1997) (court entertained and granted mandamus petition filed after trial judge had set aside the jury's verdict and acquitted the defendants because he disagreed with the jury's verdict and he had considered matters outside the State's proof at trial); Ex parte State ex rel. Johnson, 636 So.2d 1266 (Ala.Crim. App.1994) (court entertained State's mandamus petition filed after the circuit court dismissed six misdemeanor charges because the State had no right to appeal a pretrial ruling dismissing misdemeanor charges);[2]State v. Drewry, 519 So.2d 591 (Ala.Crim.App.1987) (court granted mandamus relief to State because trial court had placed defendant on probation and statute mandated a mandatory prison sentence).
We have conducted an exhaustive search of Alabama caselaw on this issue. Our research has revealed no Alabama case in which the appellate courts have entertained a mandamus petition filed by the State while a jury trial was in process and the jury was recessed in response to the filing of the petition.
In Alabama, the State has a limited right to appeal and that right is conditioned on compliance with certain requirements.[3] The State can appeal a pretrial ruling holding a statute unconstitutional, suppressing evidence, dismissing the charges, quashing an arrest or search warrant, or granting a habeas corpus petition and ordering an individual release from custody. See §§ 12-12-70, 12-22-90, and 12-22-91, Ala.Code 1975, and Rule 15.7, Ala.R.Crim.P.[4]
*267 Here, the State could have filed a motion in limine requesting a pretrial ruling on the admissibility of the victim's out-of-court statements. If the trial court suppressed the statements, the State could then have appealed that ruling pursuant to Rule 15.7, Ala.R.Crim.P.after certifying that the lower court's ruling was fatal to the State's case. The State chose to gamble and waited until the trial had started to seek a ruling on the admissibility of the victim's statements.[5] "The State had an adequate remedy at law but did not exercise it." State v. Van Reed, 673 So.2d 857, 858 (Ala.Crim.App.1996). "The universal doctrine is, that `mandamus will not lie, when there is a remedy by appeal or writ of error.'13 Ency. Pl. & Pr., 530, and note 2. This doctrine has prevailed in this State since the decision in the case of The State v. The Judge of the Orphans' Court, 15 Ala. 740 [ (1849) ], down to the present time." Ex parte Campbell, 130 Ala. 171, 183-84, 30 So. 385 (1901). The appellate courts of this State have often stated that mandamus cannot be used as a substitute for an appeal. See Ex parte B.P.L., 770 So.2d 1086 (Ala.2000); Ex parte Grantland, 709 So.2d 1317 (Ala.1998); Ex parte Martin, 598 So.2d 1381 (Ala.1992); State v. Van Reed, 673 So.2d 857 (Ala.Crim.App. 1996); Ex parte City of Tuscaloosa, 636 So.2d 692 (Ala.Crim.App.1993). "[M]andamus will be denied, [when] there is another specific and sufficient remedy provided by law." Arrington v. Van Houton, 44 Ala. 284, 286 (1870).
Allowing the State to use a mandamus petition to seek review of an evidentiary ruling made during trial would not only destroy the substantive distinction between the right of review by appeal and review by petition for a writ of mandamus, but arguably would broaden the scope of mandamus beyond the scope of appellate review. Any action that broadens an appellate court's scope of review is best left to the Legislature. See discussion in Arizona v. Manypenny, 451 U.S. 232, 247, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981).
Most importantly, reviewing evidentiary rulings in the middle of a trial would lead to gross disruption and confusion in the trial process and would be in direct conflict with the stated intent of the Alabama Rules of Appellate Procedure. Rule 1, Ala.R.App.P., states, in part: "These rules shall not be construed to extend or limit the jurisdiction of these appellate courts as established by constitution or law. They shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits." Clearly, mandamus was never intended as a means to review rulings in a criminal case where double jeopardy concerns may be implicated and where justice is indefinitely delayed pending review of the ruling by a higher court.
Mandamus may not be used as a substitute for an appeal. See Ex parte B.P.L., supra. We urge the State to seek pretrial rulings on the admissibility of evidence when the exclusion of that evidence will be fatal to the State's case against a defendant.
For the reasons stated above, this petition is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur; SHAW, J., concurs in the result; WISE, J., dissents, with opinion.
*268 WISE, Judge, dissenting.
I respectfully dissent from the per curiam opinion, which denies the State's petition for a writ of mandamus. The gist of the per curiam opinion seems to be that this Court should not entertain the State's mandamus petition in the middle of a jury trial because to do so would expand the limited right to appeal granted the State by §§ 12-12-70, 12-22-90, and 12-22-91, Ala.Code 1975, and by Rule 15.7, Ala. R.Crim.P. The per curiam opinion further suggests that mandamus relief is not warranted here because the State failed to avail itself of the remedy available to it, i.e., it did not seek a pretrial ruling on the admissibility of the evidence pursuant to Rule 15.6, Ala.R.Crim.P. Had it done so, the State could then have appealed the circuit court's ruling as provided in Rule 15.7.
However, the State's belief that the victim's out-of-court statements would be admissible was based on this Court's holding in K.D.H. v. State, 849 So.2d 983 (Ala. Crim.App.2002). Based on K.D.H., the State concluded that there was no need to seek a pretrial ruling on the admissibility of the statements. It was only when the circuit court determined that the statements were not admissible that the State was left in the position of being unable to present a prima facie case of first-degree sodomy against A.R.C. Thus, the State was left with no legal remedy to challenge the court's ruling excluding the victim's out-of-court statementsother than a petition for a writ of mandamus. Certainly, the better practice would have been for the State to seek a pretrial ruling on the admissibility of the statements. However, I disagree with the conclusion of the per curiam opinion that mandamus relief is precluded because the State did not seek such a ruling in this case. Because exclusion of the victim's out-of-court statements was fatal to the State's case, it was left with no other option but to petition for a writ of mandamus.
Admittedly, this is an extremely close case. However, in my opinion, although corroboration of the victim's out-of-court statements was slight, it was nevertheless sufficient to render this evidence admissible. Even when the victim's references to his father as the perpetrator are excluded, sufficient corroborative evidence remains to connect his father with the alleged offense. The victim's mother testified that she became concerned when the victim made a reference to putting his "pee pee" into her "hiney." Sometime later, the victim retrieved a bottle of lubricant from the headboard of his parents' bed, indicating his knowledge of how the lubricant was used as well as a previous use of the lubricant. The mother testified that the lubricant was usually kept in the top of a bathroom cabinet, out of the victim's reach. In light of the victim's earlier comment, together with the fact that the lubricant was kept in a location accessible only to her and A.R.C., the victim's mother became suspicious that some type of sexual abuse had occurred. The victim's mother reported her suspicions to the Department of Human Resources, who began an investigation. During the investigation, Sherry Shaw, a licensed professional counselor with the Southeast Alabama Child Advocacy Center, administered a child sexual behavior inventory ("CSBI") test to the victim. The victim's test results were within the range for a child who had been sexually abused. Given this evidence, I believe that there was sufficient corroborative evidence, albeit slight, to indicate that A.R.C. had sodomized the child. See §§ 15-25-34(2), and 15-25-34, Ala.Code 1975; K.D.H. v. State, supra. Thus, the victim's out-of-court statements concerning the details of his father's conduct were admissible as evidence of A.R.C's guilt.
*269 Based on the foregoing, I would grant the State's petition for a writ of mandamus. Therefore, I must dissent.
NOTES
[1] Absent from Ex parte Nice was any discussion concerning the State's filing a mandamus petition to obtain review of an adverse evidentiary ruling during the middle of a trial.
[2] Rule 15.7, Ala.R.Crim.P., was amended in 1997 to specifically allow for a pretrial appeal of the dismissal of a misdemeanor charge.
[3] Rule 15.7, Ala.R.Crim.P., governs pretrial appeals by the State; it requires that the State certify that the appeal is not brought for the purpose of delay and that the order appealed from would be fatal to the prosecution if not reversed. Rule 15.7(a), Ala.R.Crim.P.
[4] 18 U.S.C. § 3731 provides a much broader right for the federal government to appeal than is provided the State in Alabama. However, that statute specifically states that there is no right to appeal a trial court's ruling on a motion to suppress evidence if the ruling is made after the defendant has been put in jeopardy. This statute states, in part:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.
"An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding."
(Emphasis added.)
[5] The defendant filed several pretrial motions regarding the admissibility of certain items of evidence. However, there were no pretrial hearings in this case.