# McDuffie *v.* Cook.

*Application for Mandamus to Circuit Clerk, requiring Approval of Bond as Security for Costs on Contest of Election.*

1. *Contest of election; approval of bond as security for costs; when mandamus lies.*—In the matter of approving a bond, tendered to him as security for the costs of a contest of the election for a probate judge (Code, § 335), and deciding as to the sufficiency of the sureties, the circuit clerk is required to exercise *quasi*-judicial power; and the exercise of this power will not be controlled by *mandamus*.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. JOHN MOORE.

R. M. WILLIAMSON, for the appellant, cited *Snedicor v. Barnett,* 9 Ala. 434 ; *Williams v. Hart,* 17 Ala. 102 ; *Governor v. Wiley,* 14 Ala. 172.

COOK & ENOCHS, *contra,* cited *Ex parte Harris,* 52 Ala. 87 ; *Ex parte Thompson,* 52 Ala. 98.

SOMERVILLE, J.—This is an application by the appellant for a *mandamus,* directed to the appellee, Cook, who was clerk of the Circuit Court of Lowndes county, to compel him to approve a bond, offered to be given as security for costs, in order to contest an election for the office of judge of probate of that county. Cook declined to approve the bond, as his return to the rule *nisi* shows, for two reasons : *first,* because it was not such a bond as he, the respondent, was authorized and required by law to approve ; *second,* because he did not deem the sureties tendered sufficient for the said bond, or for the sum therein named.

VOL. LXV.

[Halso v. Seawright.]

Whether such a bond, when required to contest an election for the office of the judge of probate, under the provisions of section 335 of the Code (1876), is to be taken simply to cover the costs of the contest generally, or is to be limited to a penalty not exceeding five hundred dollars, under the operation of section 304 of the Code, is a question which we are not necessarily called on to decide in this case. It is sufficient to say, that the duty which is imposed by the statute on the circuit clerk is of a *quasi*-judicial nature, and involves the exercise of judgment and discretion. As was said in *Ex parte Harris* (52 Ala. 87, 91) : " He is forbidden to approve, if the bond does not conform to the statutory requisition. Can it be said, that, in determining the sufficiency of a bond in this respect, ministerial, and not judicial power, is exercised? . . . He must, also, inquire into, and pass on the solvency of the obligors. This requires the hearing and weighing of evidence. If he should adjudge them insufficient, the exercise of his judgment will not be controlled by *mandamus*." This case expressly overruled *Ex parte Candee* (48 Ala. 586), and *State, ex. rel. v. Ely,* (43 Ala. 386), in which the opposite conclusions had been reached.

In *Ex parte Thompson* (52 Ala. 98), it was expressly decided, that a *mandamus* would not be awarded, to compel the approval of a bond, which was refused on the ground of the insufficiency of the sureties,—which is the identical question involved in this case. In *Swan v. Gray* (44 Miss. 393), where the statute made it the duty of the clerk of the Circuit Court to approve the bonds of all county officers, the act of approval was held to be so far judicial in its nature, that *mandamus* was held not to lie to control the judgment of the clerk as to the approval of a bond presented ; and such seems to be the general current of settled authority.—High on Ex. Rem., §§ 46, 164, 326.

The prayer of the relator was properly refused, and the judgment of the Circuit Court is affirmed.