# Mobile Mutual Insurance Co. *v.* Cleveland.

*Application for Mandamus to Circuit Clerk, on refusal to accept Attachment Bond.*

1.  *Waiver of defects in appeal or transcript.*—After a joinder in error, and a submission of the cause, without objection to the appeal or the transcript, this court will not consider any question raised in the briefs of counsel, as to the regularity of the appeal, or of the certified transcript.

2.  *When mandamus lies to clerk, in matter of approving attachment bond.*—In approving an attachment bond, the clerk to whom it is tendered acts in a *quasi* judicial capacity; and when he refuses to approve it, either because he considers the sureties insufficient, or for no assigned reason, his refusal will not be controlled or reviewed by *mandamus;* but, when he refuses to act on the bond tendered, or bases his refusal to accept it on a specified reason which is insufficient in law, *mandamus* will lie, not to compel his approval, but to require him to pass upon the sufficiency of the bond without regard to the supposed defect.

3.  *Sureties on attachment bond; residence in county not required.*—There is no statutory provision which requires that the sureties on an attachment bond shall be residents of the county in which the bond is taken; and the clerk has no authorty to reject a bond, because the sureties are not residents of the county.

APPEAL from order and judgment rendered by Hon. WM. E. CLARKE, presiding judge of the first judicial circuit, sustaining a demurrer to a petition filed· by the appellant, asking for a *mandamus* to C. B. Cleveland, as clerk of the Circuit Court of Marengo county, requiring him to approve an attachment bond, which had been tendered by the appellant for his approval, in

[Mobile Mutual Insurance Co. v. Cleveland.]

a case pending in said court, wherein said appellant and petitioner was plaintiff, and Askew Brothers were defendants.

On the filing of the petition, an order was made by Judge Clarke, dated "at chambers, St. Stephens, Washington county, April 7th, 1884," requiring the said Cleveland to appear before him, "at the court-house in Mobile, on Monday, May 12th, 1884, at 12 o'clock, M.," and show cause why a writ of *mandamus* should not issue as prayed. The defendant appeared on the day specified, and demurred to the petition, on the ground that his action in refusing to approve the bond was not subject to review or control by the court; and the demurrer was sustained by Judge Clarke, in an order which purports on its face to have been made "at the court-house in Mobile, May 12th, 1884." The petitioner appealed from this order (Code, § 3923), and here assigns it as error; and there was a joinder in error by the appellee. The material facts of the case are stated in the opinion of the court.

Geo. G. Lyon, for appellant, made these points: (1.) There is no statutory provision which requires that the sureties on an attachment bond shall be residents of the county in which the bond is taken, and the clerk has no authority to impose such qualification. (2.) The clerk admits the sufficiency of the bond in all other respects, and places his refusal to accept it on the single ground that the sureties are not residents of the county; and this action deprives the appellant of a clear legal right, for which *mandamus* is the appropriate remedy.—36 Ala. 260; 52 Ala. 98; 14 Ind. 93; Moses on *Mandamus*, 42; 50 How. Pr. (N. Y.) 500. (3.) The transcript is properly certified by the defendant, as clerk of the Circuit Court of Marengo; and any defects in it, or in the appeal, are waived by the joinder in error.—*Thompson v. Lea*, 28 Ala. 453.

R. E. Clarke, *contra*.—(1.) The record shows that the application was heard and decided in Mobile, while the transcript is certified by the circuit clerk of Marengo. The statute requires that it shall be made up and certified by the clerk of the court where the application is heard.—Code, § 3924. (2.) The order of the Circuit Court of Marengo, under which the bond is said to have been tendered, is not made an exhibit to the petition, nor otherwise made a part of the record; and this court can not, in its absence, know that any such order existed. (3.) If the case is properly presented here, the petitioner is not, on the facts stated, entitled to a *mandamus*. The approval of the bond is the exercise of a judicial function.—*Stevenson v. O'Hara*, 27 Ala. 362; *Matthews, Finley & Co. v. Sands & Co.*, 29 Ala. 136; *Ex parte Harris*, 52 Ala. 87; *Vann & Waugh v.*

[Mobile Mutual Insurance Co. v. Cleveland.]

*Adams*, 71 Ala. 475. When *mandamus* is invoked in regard to the exercise of a discretionary power, the court can only order its exercise, but can not direct the manner or result of its exercise.—*Ex parte Echols*, 39 Ala. 698 ; *Ex parte Harris*, 52 Ala. 87 ; *Jack v. Moore*, 66 Ala. 184 ; *Comer v. Bankhead*, 70 Ala. 143 ; *Ex parte Redd*, 73 Ala. 548. (4.) Although the statute does not require that the sureties on a bond, when tendered for the approval of a clerk, shall be residents of his county, it is submitted that the defendant had the right to refuse to accept a bond, when all the sureties were and are non-residents of the county. The law charges him with the duty of taking good and sufficient sureties, and makes him responsible for injury resulting from taking insufficient sureties without proper investigation. It can not be expected that he shall go or send to a distant county, for the purpose of examining into the financial condition of parties proposed to him as sureties, the amount and nature of their taxable property, and the incumbrances on it ; and to require him to accept the *ex-parte* certificates, or affidavits even, of third persons selected by the applicant himself, is to substitute their judgment for his, in a matter which involves no personal liability to them, as it does to him. The same reasons apply to the acceptance of such bonds, as to the approval of the bonds of county officers, which are subject to examination by the grand jury.—*Ex parte Buckley*, 53 Ala. 42-54.

STONE, C. J.—There is, in this case, a joinder in error, and a submission of the cause on briefs of counsel, without any motion to dismiss the appeal, or to reject the transcript. We will not consider any question of the regularity, either of the appeal, or of the certified record sent up for review.—1 Brick. Dig. 103, §§ 289, 290.

An application was made in the Circuit Court for a *mandamus*, to compel the clerk of Marengo Circuit Court to approve an amended attachment bond, tendered in the case of appellant *v.* Askew Brothers. The clerk had refused to approve the bond tendered. There was a demurrer to the petition for *mandamus*, which the circuit judge sustained. From that ruling the present appeal is prosecuted.

It is contended for appellee, that, in refusing to approve the bond tendered, he acted in a *quasi* judicial capacity—did only what was confided to his judgment and discretion—and that his judgment and decision can neither be controlled nor reviewed in the manner here proposed. If this record presented only the question of a bond tendered to the clerk for his approval, and his refusal to approve it because he deemed the sureties insufficient, or for no assigned reason, the argument

would be unanswerable.—*Ex parte Harris*, 52 Ala. 87; *Ex parte Thompson*, *Ib.* 98; *Sims v. Jacobson*, 51 Ala. 186; *Mc-Duffie v. Cook*, 65 Ala. 430; High on Extraordinary Leg. Rem. §§ 42, *et seq.;* Moses on *Mandamus*, 47, *et seq.*

If, however, the clerk refuses to consider the sufficiency of a bond tendered for his approval, either for no reason,·or for an assigned insufficient reason, *mandamus* will lie; not to compel him to approve the bond; that is a matter for his own enlightened judgment: it will lie, to compel him to consider and pronounce on the sufficiency of the bond. This involves an inquiry into its form, whether it is in proper penalty and condition, and whether the sureties tendered are sufficient. This is a duty cast on him, which he alone can perform, and suitors who may be required to give such bonds, have the clear legal right to demand its exercise.—*Gulick v. New*, 14 Ind. 93; Moses on *Mandamus*, 61.

The bond required in this case was in a suit pending in Marengo Circuit Court. The sureties offered were residents of Mobile county in this State. The petition for *mandamus* avers, that, after the clerk had considered the matter for several days, he "declined and refused to approve the said bond, solely because the said bond is not signed by a solvent resident of Marengo county, and [the clerk] admits that in all other respects he considers said bond sufficient." The case was tried in the court below on the written admission of the clerk, that the averments of the petition were true, with certain exceptions; not at all impairing or affecting the averment copied above. There is no law in this State, requiring that sureties on an attachment bond shall be resident in any particular county; sufficient if they reside in any part of the State, if otherwise sufficient. The clerk, therefore, was not authorized to make residence in Marengo county one of the conditions of his approval of the bond. It follows that the clerk has not considered, but has declined to consider the sufficiency of the bond, in the sense the law contemplates and allows. The petitioner is entitled to a mandatory order, requiring the clerk to consider and pass· upon the sufficiency of the bond offered, without reference to the county or counties of this State, in which the bondsmen reside; and if, upon being properly certified of this order, the clerk refuses or fails to consider and pass upon the sufficiency of the bond, in the manner above directed, a *mandamus* will be awarded, directing and requiring him to do so.

The special prayer for relief in this case is, that the clerk be commanded to approve said bond. This we can not grant. There is, however, a prayer for general relief, under which we make the order above set forth.

[Langworthy v. Goodall, McLester & Co.]

Reversed and rendered. The clerk will certify this order, and a copy of this opinion, to the Circuit Court of Marengo county.