(92 South. 466)

### PAYNE, Mayor, v. SPRAGINS et al.
### (8 Div. 423.)

(Supreme Court of Alabama. April 6, 1922.)

**1. Municipal corporations** ☞511(2)—**Bond in double amount of probable cost of appeal from assessments held not to include the assessments.**

Code 1907, § 1389, giving the right of appeal to the circuit court from a decision of the city council in making assessments for public improvements, and requiring a bond in double the amount of the probable cost of appeal, does not require the bond to cover the amount of the assessments.

**2. Municipal corporations** ☞511(2)—**Act authorizing mayor to fix bond in appeal from improvement assessments authorizes a bond double cost of appeal.**

Code 1907, § 1390, relating to appeals from decisions of the city council in making assessments for public improvements, does not change the provisions of section 1389 as to what the appeal bond shall cover, but merely authorizes the mayor to fix the amount of what he may determine will be double the cost of appeal.

**3. Municipal corporations** ☞511(2)—**Act providing for execution on final judgment in appeal from assessments for public improvements applies only when supersedeas on appeal had to the Supreme Court and bond given.**

Code 1907, § 1400, providing that, when final judgment is rendered in favor of the city in appeals from assessments for public improvements, execution may issue against the principal and sureties on the appeal bond, applies only where the appeal is taken to the Supreme Court, supersedeas had, and bond given as required by section 1396.

**4. Mandamus** ☞96—**Will lie to compel mayor to fix amount of bond on appeal from improvement assessment.**

Under Code 1907, § 1389, providing for a bond for double the amount of the probable cost of appeal in appeals from assessments for public improvements, and section 1400 authorizing the mayor to fix the amount and to pass upon the sufficiency of the sureties, mandamus will lie to compel the mayor to fix the amount as provided by the statute, and to determine the sufficiency of the sureties.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Petition by R. E. Spragins and others for mandamus to compel E. C. Payne, as Mayor of the City of Albany, to approve bonds in the probable double amount of the cost in appeals that the petitioners were seeking to take from the fixing of final assessments for improvements against their property made by the city council of Albany, said Mayor having refused to approve such a bond, but seeking to require bonds in double the amount of the cost and assessments.

From the judgment granting the writ, respondent appeals. Affirmed.

Tennis Tidwell, of Albany, for appellant.

A proper construction of sections 1389, 1390, and 1400, Code 1907, and they must be construed together, demonstrates that the decree was in error, and that the bonds required for the appeal must include the amount of the assessment, together with the probable costs, since the words "double the amount of the assessment" were included in Acts 1907, p. 499, but were omitted from section 1389 by the Code Commission. 158 Ala. 59, 48 South. 496; 158 Ala. 68, 48 South. 605; 74 Ala. 539; 78 Ala. 323; 63 Ala. 596; 93 Ala. 248, 9 South. 462; 2 Ala. App. 385, 56 South. 849; 4 Ala. App. 532, 58 South. 792; 93 Ala. 271, 9 South. 227. The act of the mayor in fixing the amount of the bond under section 1390 of the Code was a judicial act, not subject to revision by mandamus. 76 Ala. 321; 52 Ala. 98; 52 Ala. 87, 23 Am. Rep. 559; 115 Ala. 589; 22 South. 284; 18 R. C. L. 143; 200 Ala. 475, 76 South. 417.

Callahan & Harris, of Decatur, for appellees.

The sections of the Code referred to mean what they say and must be so taken, and when so taken they mean that an appeal may be taken from such an assessment by giving bond in double the amount of the costs. 60 South. 949; 185 Ala. 284, 64 South. 112; 70 Fla. 218, 70 South. 21, L. R. A. 1916D, 1230. This was a matter for mandamus. 36 Ala. 260; 200 Ala. 475, 76 South. 417; 180 Ala. 489; 61 South. 369; 76 Ala. 321.

ANDERSON, C. J. [1–3] Section 1389 of the Code of 1907, in giving the right of appeal to the circuit court or other court of like jurisdiction, requires a bond in "double the amount of the probable cost of the appeal." The statute, therefore, expressly provides that the bond shall be double the probable cost of appeal, and excludes the idea that it shall cover the amount of the assessment or include any sum or item other than what will be the probable cost of the appeal. Section 1390 in no wise changes this express provision of section 1389 as to what the bond shall cover, but merely authorizes the mayor to fix the amount, which is to be based, of course, upon what he may determine will be double the cost of appeal, and the damages therein provided for must of necessity mean as covered by the bond. Section 1400 provides for execution when final judgment is rendered in favor of the city, preserves the lien, and authorizes a sale of the property assessed to satisfy the judgment. True, this last section also authorizes execution against the principal and sureties on the appeal bond un-

---

less the amount of the judgment or decree is paid within five days. This last provision, however, as to execution against the principal and sureties for the amount of the judgment, applies only to cases when an appeal is taken to the Supreme Court, and a supersedeas is had, and bond given, under section 1396. In other words, the judgment is in rem except for the cost of appeal, or when a supersedeas bond is given upon appeal to the Supreme Court under section 1396 of the Code of 1907. Huntsville v. Madison County, 166 Ala. 389, 52 South. 326, 139 Am. St. Rep. 45.

[4] The duty imposed upon judicial or other officers, with respect to the approval of bonds, involves the determination of the sufficiency of the sureties and other matters of quasi judicial nature, requires the exercise of judicial judgment or discretion, and, ordinarily, will not be coerced by mandamus. 18 R. C. L. p. 218, § 143; Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559. When, however, the officer refuses to act on the bond tendered, or bases his refusal to accept it on a specified reason which is insufficient at law, mandamus will lie, not to compel his approval, but to require him to pass upon the sufficiency of same without regard to the supposed defect. Mobile Mutual Insurance Co. v. Cleveland, 76 Ala. 321. As we understand, it was for the respondent mayor in the instant case to fix the amount of the probable cost of appeal, and to pass upon the sufficiency of the sureties; and in this particular his action was quasi judicial, but his requirement that the bond should cover the assessment was contrary to the statute, and his action was not discretionary. The relief sought and granted was merely to require the mayor to fix the bond, as provided by the statute, at twice the probable cost of appeal, leaving it to him to ascertain and fix said amount, and to determine the sufficiency of the security, but not to require the inclusion therein of items or amounts not authorized, and, in effect, excluded by the statute.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.