(97 South. 565)

**FOSHEE, Clerk, v. STATE ex rel. MESSER.**
**(5 Div. 846.)**

(Supreme Court of Alabama. June 30, 1923. Rehearing Denied Oct. 11, 1923.)

**1. Mandamus ⬦⇒35—Generally, does not issue to review exercise of judicial or quasi judicial discretion.**

As a general rule, mandamus will not issue to review an exercise of judicial or quasi judicial discretion, and this rule applies to approval of official bonds.

**2. Mandamus ⬦⇒28—Exceptions to general rule against issuance to review exercise of judicial or quasi judicial discretion, stated.**

Exceptions to the general rule against issuance of mandamus, to review exercise of judicial or quasi judicial discretion, are its use to correct errors of inferior tribunals to prevent a failure of justice where there is a clear right and an absence of any other adequate remedy, and its employment to prevent an abuse of discretion, or to correct an arbitrary action outside of the exercise of a reasonable discretion.

**3. Mandamus ⬦⇒35—Clerk of court's action as to approval of security held capricious and arbitrary, and so reviewable by writ.**

If a clerk of court's refusal to approve security for costs of an election contest was on the ground of its form, when it was clearly unobjectionable, his action was capricious and arbitrary, and so reviewable by mandamus.

**4. Mandamus ⬦⇒35—Clerk of court's action as to approval of security held reasonable, and so not reviewable by writ.**

Though the statute as to security for costs of an election contest does not require acknowledgment by the sureties as to the genuineness of their signatures, desire of the clerk of court for proof of such genuineness was not unreasonable, so that if contestant had declined to furnish proof, and the clerk had for that reason refused to approve the security, his refusal would not be revised by mandamus.

**5. Appeal and error ⬦⇒1011(1)—Finding by court on conflicting oral testimony not disturbed unless plainly against great weight of evidence.**

Finding of the court in a case tried without a jury, on conflicting oral evidence, cannot be disturbed, unless plainly contrary to the great weight of the evidence.

**6. Mandamus ⬦⇒35—Clerk of court's action in refusing approval of security held premature and arbitrary, and reviewable by writ.**

Where clerk of court told contestant of an election that he would require proof of the signatures of sureties on the security for costs of contest only if the form of security was found sufficient, and then, though the form was unobjectionable, refused to approve the securi-ty, without notice to contestant or opportunity to furnish proof, such refusal was premature and arbitrary, and so revisable by mandamus.

**7. Elections ⬦⇒308—Right of contest held not lost by last moment refusal to approve security.**

Though the statute requires contest of. election to be filed within 20 days after declaration of result, and to be accompanied by security for costs to be approved by the clerk of court, it being so filed and accompanied by proper security, right of contest is not lost by the clerk wrongfully and arbitrarily refusing approval too late to allow contestant to compel approval within the 20 days; but approval subsequently ordered will relate back to the time when it should have been made.

**8. Appeal and error ⬦⇒1056(5)—Exclusion of evidence to show a right assumed by the court harmless.**

Exclusion of evidence to show a right was harmless, the court treating the case on the assumption that the party had such right.

**9. Mandamus ⬦⇒160(6)—Writ held not open to objection of not being in alternative.**

Writ issued on filing of petition *held* not open to objection of not being in the proper alternative.

**10. Mandamus ⬦⇒154(2)—Enough that security, approval of which is sought, is attached as exhibit and made part of petition.**

Petition for mandamus to compel approval of security need not describe the security in detail, but it is enough that it is attached as an exhibit and made a part thereof.

**11. Mandamus ⬦⇒16(1)—Proceeding to require approval of security for contest of election not rendered useless or moot by delay.**

Where, notwithstanding delay, over five years of the term of office contested remain, proceeding to revise refusal to approve security for contest is not within the rule that mandamus will not be awarded to do useless things, or when the question becomes moot. .

**12. Mandamus ⬦⇒16(2)—Proceeding not useless or moot because respondent's term of office has expired.**

Proceeding to revise a clerk of court's refusal to approve security for contest of election does not become useless or present a moot question because of expiration of the clerk's term of office; Code 1907, § 4869, providing for revival of the proceeding against his successor in office, being complied with.

Sayre, Somerville, and Gardner, JJ., dissenting in part.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Petition by the State of Alabama, on the relation of C. D. Messer, for writ of mandamus directed to M. D. Foshee, as Clerk of the Circuit Court of Chilton County. From a judgment granting the writ, respondent appeals. Affirmed.

It is shown by the petition that in the general election held on November 7, 1922, rela-

tor and L. H. Reynolds were the only candidates for the office of probate judge of Chilton county; that on November 10, 1922, the canvassing board of the county met and declared that Reynolds had been duly elected; that on November 28, 1922, relator filed a verified statement of contest of said election in the office of the clerk of the circuit court, and on said date tendered to said clerk good and sufficient security for cost of the contest, a copy of the statement of contest and of the security being exhibited with the bill; that upon filing such statement and security the relator had the right to have the respondent clerk enter said contest on the trial docket of the circuit court, issue summons directed to said Reynolds, and approve the security therewith filed; that respondent refused to perform the duties required of him, and refused to approve such security, acting arbitrarily and in abuse of his discretion in the premises, and declined to give his reasons for refusal to approve the security, when requested to do so by counsel for relator. The prayer is that an alternative writ of mandamus issue to respondent requiring him to file such written statement of contest as of November 28, 1922, to approve security for costs of contest, to enter said contest on the trial docket of the court and issue summons to said Reynolds; or, in the alternative, that respondent appear and show cause, etc.

The alternative writ is as follows:

"And whereas, upon consideration, it was ordered by Hon. B. K. McMorris, judge of said circuit court, that an alternative writ of mandamus should be issued to said M. D. Foshee, as clerk of the circuit court of Chilton county, Alabama, as prayed for in said petition, and that the said clerk being the respondent in said petition the said alternative writ be issued by the judge of said court:

"This is therefore to command you to file said written statement of contest as of the 28th day of November, 1922, and to approve said security for costs of said contest, and to enter said contest on the trial docket of said court as a civil cause pending therein for trial, and after having made such entry to issue a summons accompanied with a certified copy of said statement of contest directed to the said L. H. Reynolds, whose election as probate judge is contested, requiring him, the said Reynolds, within five days after the service of said summons to appear and make answer to said statement of contest or to appear before the said circuit court of Chilton county, Alabama, at the place of holding the same, on the 19th day of December, 1922, at 10:30 o'clock a. m., then and there to show cause, if any you have, why you have not done so."

These grounds were urged by respondent, by motion to quash and by demurrer, against the writ:

"Said writ of mandamus commands the respondent to perform the acts as prayed for in said petition or to show cause why he has not done so.

"Said writ is wholly bad in law in that respondent is commanded to appear and show cause why he has not performed the acts as prayed for.

"Said writ is not in the alternative.

"Said writ was not issued by the officer required by law."

Upon hearing the trial court overruled respondent's demurrer and motion to quash, and issued a peremptory writ of mandamus.

After submission of the appeal, the cause was reviewed in the name of J. Z. Mims, as successor of M. D. Foshee, as clerk of the circuit court of Chilton county, respondent.

J. J. Mayfield, of Montgomery, Reynolds & Reynolds, of Clanton, and O. D. Street, of Guntersville, for appellant.

The approval of official or appeal bonds is a quasi judicial act, and cannot be controlled by mandamus. Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559; Ex parte Thompson, 52 Ala. 98; Beebe v. Robinson, 52 Ala. 66; McDuffie v. Cook, 65 Ala. 430; High on Extr. Rem. §§ 46, 164, 326; 18 R. C. L. 218. Mandamus will never lie to compel an unlawful act, or a useless thing. High, § 14; Ex parte Du Bose, 54 Ala. 278; Reeves v. Carlisle, 145 Ala. 510, 41 South. 927; State v. Judge, 15 Ala. 740; Moses on Mandamus, 58; 18 R. C. L. 120; U. S. v. Boutwell, 17 Wall. 604, 21 L. Ed. 721. Great strictness is requisite in the form and contents of the alternative writ. High, § 538; Hawkins v. More, 3 Ark. 345; Garrett v. Cobb, 199 Ala. 80, 74 South. 226; Longshore v. Turner, 137 Ala. 636, 34 South. 684.

Thos. A. Curry, G. C. Walker, Victor J. Heard, and Lawrence F. Gerald, all of Clanton, and J. F. Thompson, of Birmingham, for appellee.

Where discretion is abused, or exercised arbitrarily or capriciously, mandamus will lie to compel a proper exercise. Ex parte Thompson, 52 Ala. 98; State ex rel. v. Board of Rev., 180 Ala. 494, 61 South. 368; White v. Decatur, 119 Ala. 476, 23 South. 999; Henry v. State, 200 Ala. 475, 76 South. 417; Ex parte State ex rel., 208 Ala. 28, 93 South. 820. Mandamus will be granted to prevent a failure of justice, where there is no other remedy. Ex parte Barnes, 84 Ala. 540, 4 South. 769; Reynolds v. Crook, 95 Ala. 570, 11 South. 412; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 South. 836; Wilson v. Duncan, 114 Ala. 659, 21 South. 1017. If contestant attempted within the time allowed by law to file proper security, he should be allowed to execute new and sufficient security, even after the expiration of the time fixed by law. Lowery v. Petree, 175 Ala. 559, 57 South. 818; Wilson v. Duncan, 114 Ala. 659, 21 South. 1017; Ex parte Haralson, 75 Ala. 543.

ANDERSON, C. J. [1] As a general rule a writ of mandamus will not issue to review an exercise of judicial or quasi judicial discretion, and this rule applies to the approval

of official bond. Payne v. Spragins, 207 Ala. 264, 92 South. 466; Mobile Co. v. Cleveland, 76 Ala. 321; Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559.

[2] This rule, however, has an exception in this jurisdiction, for in some cases the writ of mandamus has been employed to correct errors of inferior tribunals, and to prevent a failure of justice where there is a clear right and there is an absence of any other adequate remedy, and it has also been employed to prevent an abuse of discretion, or to correct an arbitrary action outside of the exercise of a reasonable discretion. 26 Cyc. 189; Wilson v. Duncan, 114 Ala. 659, 21 South. 1017; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 South. 836; Ex parte Dowe, 54 Ala. 258.

[3] This respondent did not refuse to approve the security in question because of the insufficiency of the sureties, as the proof shows that it was ample, and, in fact, the respondent indicated that five of the signers were sufficient; so the only possible reason that may be inferred from the evidence is that he did not deem the security in proper form, or was not satisfied with the genuineness of some of the signatures. As to the former, he consulted counsel, and it nowhere appears that he was advised of its insufficiency as to form. In fact, it needed no advice of counsel to ascertain and determine this fact, as the statute only requires security for cost, and we do not see how the form presented could have been improved upon. Therefore, if this was the reason for the refusal, the same was capricious and arbitrary.

[4, 5] As to the other ground, and as stated in the original opinion, while the statute does not require an acknowledgment on the part of the sureties as to their signature, the respondent's desire for proof as to the genuineness of same was not unreasonable, and should have been furnished when the request was made, and was in part acquiesced in by relator's counsel, who agreed to do so.

Upon the former consideration of this case, however, we misapprehended the true state of the record on this point by concluding that the clerk demanded the acknowledgment of five of the securities in any event, and that relator's counsel agreed to comply therewith, furnished one, and in effect declined to furnish the other, and we here repeat that, if these were the true facts, the refusal of the respondent would not be revised by this court. In reaching this conclusion we were, perhaps, too much influenced by the testimony of Walker as to what the respondent said, and also labored under the impression that Gerald undertook, unconditionally, to furnish all five of the acknowledgments, and only furnished one—thus overlooking Gerald's version of the matter, especially on cross-examination, and which is not in serious conflict with the evidence of the respondent on this point, and only partially so by

Walker's evidence. At any rate, even if there was a serious conflict, this case was tried without a jury, the evidence was ore tenus, and the conclusion of the trial court was like unto the verdict of a jury, and will not be disturbed, unless plainly contrary to the great weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 South. 52.

[6] It was therefore open to the trial court to find that the respondent exacted these acknowledgments only in the event the respondent was advised that the bond was in proper form; that Gerald furnished only one at the time, because the party was going to leave on the next train, and did not then furnish the others because it was understood that respondent was to inform him if he approved the form, and whether or not he would require said acknowledgments.

Gerald testified:

"I said to Mr. Foshee that day that if he required it, if the form of the bond proves satisfactory, I would furnish him a certificate or other evidence of these men signing it; that was the condition he made, * * * and at the time he picked out those five men, and said that he was satisfied of the sufficiency of those five men on the bond. * * * He never informed me that the bond wasn't in form. * * * When I left, it was agreed we would have those men come to the clerk's office and admit or acknowledge that they signed that bond, provided the clerk required it, as stated. If the form was approved, he was to advise us then definitely of the conditions he wanted."

It therefore appears from one theory of the evidence, which was accepted, in effect, by the trial court, that the respondent would require proof of these signatures only in the event the form was sufficient, and as to which he would notify counsel before final action. It also appears that he declined to approve the security without notifying counsel as to the form, or that he desired proof of the signatures, and before giving relator's counsel an opportunity to furnish said proof. This being true, or being accepted by the trial court, the respondent's refusal was not in keeping with the understanding, was premature and arbitrary, and his action in this respect will be revised and corrected by the writ of mandamus, which was correctly awarded by the trial court.

[7] We do not question the contention of appellant's counsel that it was essential to the contest of this election that the same be filed within 20 days after the result was declared, and that the filing of security for cost of the contest with the clerk, to be approved by him within said time, was a jurisdictional fact.

We cannot agree, however, to the suggestion of counsel that appellee lost the right to contest because steps were not taken to require and accomplish the approval within the said 20 days. If the respondent wrongfully failed or refused to approve the secur-

ity, his conduct cannot cut off the appellee's rights, and he has the right to resort to the courts to compel the approval, and, when it is so ordered, the approval relates back to the time when it should have been made. It may be that the process for contesting elections may not be as liberal and broad as it could be, but the lawmakers never intended that the clerk could, by an arbitrary or capricious refusal to approve the security, cut off the contestant's rights unless he accomplished the impossible by taking legal steps and compelling the approval within said 20 days.

[8] The trial court did not err to the injury of respondent in not letting him show he had been informed that some of the sureties were questioning their signatures, as this merely tended to show that he had a reason or right for requiring proof of the signatures, for the reason that we treat this case upon the assumption that he did have the right to require such proof, but he did wrong in declining to approve without notifying counsel that he desired same, and without giving him a chance to furnish it.

[9, 10] There was no error in overruling the motion to quash the writ or the demurrer to the petition for mandamus. Instead of being subject to the defects pointed out in the case of Longshore v. Turner, 137 Ala. 636, 34 South. 684, it seems to conform to the requirements there suggested. True, the petition does not describe in detail the security, but the same is attached as an exhibit and made a part thereof.

[11, 12] We also recognize the rule that mandamus will not be awarded to do useless things, or when the question becomes moot, but we do not regard this as such a case. The term of the office here contested has not expired, and will not for over five years, and notwithstanding the delay there is still much involved in the contest. Nor does the fact that Foshee's term of office has expired render this proceeding useless, or present a moot case, as section 4869 of the Code of 1907 provides for such proceedings against his successor in office, and for a revival of the proceedings against him, which said statutory provision seems to have been complied with by this appellee.

The application for rehearing is granted, the original opinion is withdrawn, the judgment of reversal set aside, and the judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

## On Rehearing.

ANDERSON, C. J. It is urged upon rehearing that the foregoing opinion is wrong in holding that the writ should not be denied because the question has become moot, in that the statute requires that the contest be interposed within 20 days, and, notwithstanding the respondent may have been wrong in failing to approve the security, his conduct in doing so has rendered the contest impossible. Our attention is called to a note in the case of Tabor v. Hipp, 24 Ann. Cas. 247, wherein the general doctrine is stated as follows:

"It is the function of the courts to decide actual controversies by judgments which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matters in issue in the cases before them. So when, pending proceedings to review the judgment of the lower court, an event occurs which renders it impossible for the reviewing court to grant any effectual relief whatever, the court will not determine the questions litigated below, but will dismiss the appeal or writ of error."

We take no issue with the foregoing statement, but still hold that no event has occurred making the granting of the writ in this case impossible or unnecessary. True, the contest must be instituted within 20 days after the result of the election is declared, and must be accompanied by security for cost to be approved by the clerk; but the contest was filed within said time and the security was sufficient, and the arbitrary refusal of the respondent to approve same did not require this relator to resort to the courts and procure a compulsory approval within said 20 days—something practically impossible. We do not think that the law is so unreasonable as, in effect, to require the impossible; that is, means that notwithstanding the relator is given 20 days to file his contest and he does so on the last day and the clerk wrongfully refuses to approve the security, he must petition for mandamus, find the circuit judge, who may not reside in the county, get the case heard and a judgment compelling approval before midnight. The refusal to approve being wrong, the same should now be compelled and become effective as of the time it should have been given. We are, of course, aware of certain cases where the writ was denied, or the petition dismissed, when the act sought was subsequently performed or has become impossible; for instance, when a license was sought for a certain year or period and the time had expired before the final hearing of the cause, or where a contract is to be performed within a certain time and the period expires before the cause is finally adjudicated, as was done in the case of Comer v. Bankhead, 70 Ala. 136. But this is not that kind of a case, as the subject-matter of the contest is still in existence and the term of the office, which is being contested, has not yet expired.

The case of Norwood v. Clem, 143 Ala. 556, 39 South. 214, 5 Ann. Cas. 625, is in apparent conflict with our holding, but we re-

gard the same as unsound, and said case is hereby expressly overruled.

Rehearing denied.

THOMAS, MILLER, and BOULDIN, JJ., concur in the opinion.

SAYRE, SOMERVILLE, and GARDNER, JJ., concur in the result and the opinion, except as to overruling the case of Norwood v. Clem, 143 Ala. 556, 39 South. 214, 5 Ann. Cas. 625. They think that the two cases can be differentiated, and that it is not necessary to overrule said Clem Case.