17 So.2d 148

**BAKER et al. v. DENNISTON–BOYKIN CO. et al.**

**I Div. 210.**

Supreme Court of Alabama.

Feb. 24, 1944.

Rehearing Denied March 23, 1944.

Robt. P. Denniston, Hamiltons, and Thos. A. Hamilton, all of Mobile, and Hybart & Chason, of Bay Minette, for appellees.

Walter J. Knabe, Jack L. Capell and Miles S. Hall, all of Montgomery, for appellants.

FOSTER, Justice.

The formal question in this case now before us is whether the motion to dismiss the appeal should be sustained.

A final decree in equity was rendered March 13, 1943, from which an appeal must be taken within six months. Section 788, Title 7, Code of 1940.

The register in making certificate of appeal as required by section 751, Title 7, Code of 1940, certified that on September 13, 1943, certain named parties as principals with a certain named party as surety tendered to him security for the cost of appeal: that said security for costs was not approved by him, because it was deemed by him to be insufficient, and was returned to one of the would be appellants, who tendered it; that on December 3, 1943 (which was more than six months after the date of the final decree), she again tendered to him the same instrument as such security for costs, and $1,000 in cash. He considered the two ample security for the costs, and approved the security with the $1,000 cash, all on December 3, 1943.

The motion to dismiss the appeal sets up those facts. The affidavit of the register is to like effect as his certificate of appeal above mentioned, including corroborating circumstances. After September 13th and before December 3d, the successful parties disposed of a large part of the property involved to innocent third persons, not parties to the litigation.

Appellant produced on this hearing the original instrument purporting to be the security for costs, marked approved December 3, 1943, and marked filed September 13, 1943, and offered evidence to show that the bond was good security as tendered on September 13, 1943; and that when tendered, the register remarked to appellant, "Now, Miss Baker, you are in court," and on September —, 1943, he mailed the bond back to her; that on December 3, 1943, her attorneys returned the bond to him together with $1,000 in cashier's check, and "that thereupon, the said R. S. Duck (the register) endorsed on said bond, "Filed September 13, 1943, approved December 3, 1943."

That situation presents two aspects for consideration. One is whether the register in fact verbally approved the appeal bond when it was presented, and retained it, later changing his mind, and returning it to Miss Baker; and the second is the contention that the bond was good, and he should have approved it, though he may not have done so.

A formal approval in writing is not necessary. Williams v. McConico, 25 Ala. 538; Marshall v. Croom, 50 Ala. 479. On collateral attack, and without more, we would give effect to the certificate of the clerk as to what constitutes the record in the case. 3 Amer.Jur. 284, section 692; Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897. In the case of Williams v. McConico, supra, on hearing in this Court a motion to dismiss the appeal, appellant moved for a special certiorari to perfect the record, requiring the judge of probate certifying to the transcript to certify the time when the bond was in fact approved.

The writ of special certiorari was for the purpose of getting into the record on appeal matter proper so to appear but which was not then a part of the written proceedings. When that was done and certified to this Court, the writ of special certiorari had served its purpose. There was in that case no contest as to the facts which occurred in respect to the approval of the bond.

In the instant case, the clerk has made that certificate, and if it were not contested, it would result in a dismissal of the appeal since it shows that the bond as tendered to him was not approved in due time and never was at any time approved without additional security. But the first aspect of the question we have makes a contest as to the truth of the certificate. As a general rule we treat the certified transcript on appeal as true and correct. The record of the trial court is there made up. That court is the appropriate tribunal in which all contests of that sort are triable. We pursued that course in the Shriner case, supra.

But here we are dealing with a status not required to be of record. It is one of whether this Court has acquired jurisdiction of this cause on appeal by the approval by the register of the security for costs on appeal, not made a matter of record in that court. We have the inherent

power to determine the question of our jurisdiction, and in doing so to inquire into the facts on which that jurisdiction rests, pursuing such course to that end as in our judgment is appropriate and conducive to an accomplishment of it. There is no common law writ by whose restrictions we need to be hampered in looking into the question of our own jurisdiction. It is now well settled that an approval by the register need not be in writing nor formal, nor within the statutory period. Thompson v. Menefee, 218 Ala. 332, 118 So. 587; Bedwell v. Dean, 221 Ala. 224, 128 So. 389; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Cochran v. State, 206 Ala. 74, 89 So. 278.

But it must occur in respect to the security which was tendered and as it was tendered in that time if the approval was delayed until that time had expired. Unless the bond thus tendered is approved, then or later, no jurisdiction was transferred to this Court, and neither the register nor this Court could establish such jurisdiction by approving a bond which had not been tendered and with the same strength it had when tendered in the statutory time. Hildebrand v. First National Bank, 221 Ala. 216, 128 So. 219; Journequin v. Land, 235 Ala. 29, 177 So. 132; Section 766, Title 7, Code of 1940.

We therefore, in that aspect, have only one power on this motion. That is to determine whether the register in point of fact approved the bond as tendered, or did he do so only after additional security was added. The burden is on appellant who would contradict the certificate of the register who is required by law to make such certificate.

We know of no circumstance shown by the record which would make her evidence more credible than that of the register. There are certain circumstances, such as the letter he wrote her, which corroborate him. We hold therefore that she has not carried the burden in this respect.

In the second aspect of the question, appellant contends that the security for the costs of appeal was financially sufficient when tendered and that the register should have approved the bond, and therefore if we find from the proof that it was financially sufficient, we should so treat it and overrule the motion to dismiss the appeal. The statute requires the approval to be by the clerk or register or (trial)

court, respectively. Sections 766 and 792, Title 7, Code of 1940. The statute confers a privilege in providing for an appeal and prescribes the terms on which it may be granted. It does not provide that this Court may approve the security. It has been firmly established in this State that the approval of the financial sufficiency of a bond entrusted to an administrative officer is a quasi judicial act by him and his decision is conclusive in an administrative sense, and no court will revise it by the process of mandamus. Ex parte Harris, 52 Ala. 87, 23 Am.Rep. 559; Ex parte Thompson, 52 Ala. 98; McDuffie v. Cook, 65 Ala. 430; Mobile Mutual Ins. Co. v. Cleveland, 76 Ala. 321; Payne v. Spragins, 207 Ala. 264(4), 92 So. 466; Foshee v. State, 210 Ala. 155, 97 So. 565.

In the case of Ex parte Andrews, 231 Ala. 530, 165 So. 839, this Court issued a mandamus to the register requiring him to approve an appeal bond and make up the transcript. But an examination of the original record in that case shows that it was not a dispute as to the financial sufficiency of the security, but as to whether the bond was in fact presented in due time, due to a mixup in the personnel of the register's office.

We have no case in which the judicial act of the clerk, register or probate court in passing on the financial sufficiency of a bond has been revised by mandamus or otherwise. But we are not willing to admit the impotence of this Court to superintend and control the proceedings of an "inferior jurisdiction" under section 140, Constitution, because the writ of mandamus has been held to be inappropriate for that purpose. But to do so, we can by that authority only issue such writs as are necessary to accomplish that purpose, and in this proceeding no application has been made that we superintend and control said inferior jurisdiction by the issuance of a writ. We are therefore confronted with the question of whether we have the duty in the present state of the record to exercise the power enjoined by section 140, supra.

We find in the record, filed on the submission of this motion, affidavits presented by appellants as to the financial sufficiency of the security as presented to the register in the statutory period. We could well take the position on hearing this motion that those affidavits are appropriate to secure the issuance of a revisory writ if they

are sufficient to show that the judicial act of the register is subject to revision by any established process, although there is no prayer for such process.

█ This Court has accepted the established principle that courts will issue certiorari to make a limited review of the quasi judicial acts of administrative boards and officers. That limited power is to determine whether the acts in question were supported by any substantial evidence, or, otherwise stated, whether the findings and conclusions are contrary to the uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense. Alabama Power Co. v. City of Ft. Payne, 237 Ala. 459, 187 So. 632, 123 A.L.R. 1337; Almon v. Morgan County, ante, p. 241, 16 So.2d 511.

█ The affidavits here presented do not show that in declining to approve the security the register acted contrary to the uncontradicted evidence before him or to facts brought to his attention in any way, or to those of which he was required to take notice, or that he misconceived his legal duty in that regard. As we have observed, we are not trying de novo the sufficiency of the security, but whether the register violated his legal duty in exercising his quasi judicial power in respect to the question. The form of such review is not particularly handicapped by the fact that there is no authority for a statutory bill of exceptions as in judicial proceedings to get before us the evidence submitted to the register, or other proceedings before him, since his return to any writ of certiorari which may be issued would be required to contain a full statement of such matters. That has been said to be the proper procedure to that end. 11 Corpus Juris 177, note 34; 14 Corpus Juris Secundum, Certiorari, § 126, p. 256, note 23; 4 Corpus Juris 218, note 86; 4 Corpus Juris Secundum, Appeal and Error, § 808, p. 1300, note 12.

So that assuming that an application was made for an appropriate writ which would be supported by the affidavits, it is our judgment that they do not make a showing for relief, and that no writ would serve to aid appellant in respect to the matter.

The motion to dismiss the appeal is sustained; appeal dismissed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.