33 So.2d 358

### HAMM, Commissioner of Revenue, v. STATE ex rel. MARTIN et al.
### 3 Div. 485.

Supreme Court of Alabama.
Jan. 15, 1948.

A. A. Carmichael, Atty. Gen., and H. Grady Tiller and Gardner F. Goodwyn, Jr., Asst. Attys. Gen., for appellant.

82

Julian Harris and Norman W. Harris, both of Decatur, for appellees.

GARDNER, Chief Justice.

The appeal is from a judgment ordering the issuance of a mandamus writ against the Commissioner of Revenue of the State of Alabama.

. The facts, briefly stated, as set out in the petition and answer are as follows: Ben Martin, Sr., who died in June, 1946, was the owner of an undivided one-fifth interest in 116 promissory notes dated March 3, 1945, in the sum of $1000 each, which during his life was being reported by him on the installment basis under Title 51, § 411, Code 1940. These notes were payable in consecutive monthly installments beginning April 1, 1945, and ending February 1, 1955. Petitioners are the executrices and legatees under the will of said Ben Martin, Sr., and, desiring to take advantage of the installment provisions under said § 411, supra, tendered to the Commissioner of Revenue a bond in the sum of $1000 with good and sufficient surety conditioned as required by subdivision (d) of said section. The bond was in the amount required by the Commissioner and the surety was sufficient. The petition and answer disclose that the refusal of the Commissioner to approve the bond was rested solely upon what he conceives to be an insufficient condition of the tendered bond.

It is conceded, also, that petitioners have the same right as to installment payments

as was possessed by Ben Martin, Sr., in his lifetime.

The condition of the bond was in the exact language of the statute which, in this respect, reads as follows:

"This sub-section shall not apply to the transmission at death of installment obligations if there is filed with the department of revenue, at such time as he may by regulation prescribe, a bond in such amount and with such sureties as he may deem necessary, conditioned upon the return as income, by the persons receiving any payment on such obligations, of the same proportion of such payment as would be returnable as income by the decedent if he had lived and had received such payment."

The Commissioner insists that the bond should have an added provision, that is a condition for the payment of the tax. Brief for the Commissioner states:

"The bond as filed by the appellees was conditioned in the literal words of the statute and, of course, if the Commissioner is not authorized to require a bond conditioned upon the payment of the tax, then the bond submitted was in proper form."

Upon the merits, therefore, there is presented the sole question as to whether or not the Commissioner by a rule or regulation under Title 51, § 423, Code 1940, and § 411, supra, may require an additional condition to that found in the statute.

The argument is the proviso of the statute is not a limitation upon the power of the Commissioner to prescribe regulations, but is a directive that the bond shall in no event contain less than the conditions to "return as income," and that other conditions may be added that are reasonable.

This provision of our statute was evidently borrowed from the Federal income tax law as the language of subdivision (d), Title 51, § 411, Code 1940, is identical with § 44(d) of the Internal Revenue Code, 26 U.S.C.A. In Conner, Administrator, 37 U. S. Board of Tax Appeals 895, express reference is made to the condition of the bond "return as income," and not the payment of the tax.

■ We recognize the authority of the Commissioner to make reasonable rules and regulations as the statute prescribes.

But that power is administrative in character, and legislation may not be enacted under the guise of the exercise by issuing a regulation which is out of harmony with, or alters, extends or limits the statute being administered. 42 Am.Jur. 358.

The authorities noted by counsel for the Commissioner recognize that rules and regulations must not be inconsistent with the statute. Detroit & Windsor Ferry Co. v. Woodworth, 6 Cir., 115 F.2d 795; Odell & Co. v. United States, 63 F.Supp. 955, 104 Ct.Cl. 680; Burruss v. Early, D. C., 44 F.Supp. 21; First National Bank of Greeley v. United States, 10 Cir., 86 F. 2d 938.

■ The statute, § 411, sub. (d) Title 51, Code 1940, prescribed only that the bond be "conditioned upon the return as income." To support a rule or regulation adding also the further condition to pay the tax, would necessarily alter and amend the statute and be inconsistent with it.

We, therefore, conclude the bond was in all respects proper and should have been approved.

■ The remaining question relates to the matter of remedy. It is insisted that mandamus is not the appropriate process upon the theory pointed out in Ex parte Harris, 52 Ala. 87, 23 Am.Rep. 559, that the approval of a bond by an administrative officer is a quasi judicial function which will not be compelled by mandamus. Of course this is the general rule, as well recognized by our authorities. There are, however, exceptions, as where the refusal to accept the bond is rested solely upon some ground untenable in law. 34 Am.Jur. 940. A number of our own cases support this principle. Mobile Mutual Ins. Co. v. Cleveland, 76 Ala. 321; Payne, Mayor v. Spragins, 207 Ala. 264, 92 So. 466. In this latter case the court after recognizing the general rule, as above indicated, observed that when however the officer refuses to act on the bond tendered or bases his refusal to accept it on specified reasons which are insufficient at law, mandamus will lie. To like effect is Foshee v. State ex rel. Messer, 210 Ala. 155, 97 So. 565; Ex parte Andrews, 231 Ala. 530, 165 So. 839. And in Baker v. Denniston

84

Boykin Co., 245 Ala. 407, 17 So.2d 148, the distinction indicated was recognized.

■ In the instant case it undisputedly appears that the refusal to accept the bond was not based upon the matter as to the sufficiency of the surety, or any other such matter, but solely upon what we consider the untenable ground that the condition of the bond should have gone beyond the statute to provide for the payment of the tax. Counsel for the Commissioner present strong argument to support the rule or regulation of the Commissioner requiring this additional condition. But, as we view it, that is a matter for the Legislature and not the court.

In view of the fact, therefore, that the refusal of the Commissioner is based upon what we conceive to be a ground not authorized by the statute, the refusal must be deemed in law capricious and arbitrary, and subject to be controlled by the mandamus writ.

In view of the uncontroverted facts as disclosed by this record the judgment of the court below granting the writ should be affirmed. It is so ordered.

Affirmed.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.