**PINKSTON et al. v. VICTORIA BANK & TRUST CO.**

No. 15684.

Court of Civil Appeals of Texas. San Antonio.

March 24, 1948.

Rehearing Denied April 21, 1948.

Jack Pinkston, of Dallas, and W. L. Edwards, of Victoria, for appellants.

Crain & Vanderberge, of Victoria, for appellee.

MURRAY, Justice.

This motion was filed in this Court March 10, 1948, asking for an extension of time within which to file the record herein. This motion was granted by this Court on that date, but such action was on March 15, 1948, set aside and the motion is now before us for consideration.

A transcript and statement of facts in this case was tendered to the Clerk of this Court on March 16, 1948, for filing, which was only one day late. An examination of the transcript discloses that what purports to be an appeal bond has never been approved by the Clerk of the trial court, neither has he fixed the probable amount of the costs on appeal.

The Clerk made the following certificate on the bond:

"I do hereby certify that the foregoing appeal bond was received by me on the 8th day of March, 1948. It was filed but not approved, due to the fact that I was not satisfied at that time as to the sufficiency of the amount of the bond, nor was I satisfied with the personal security feature. This 13th day of March, 1948."

It is clear from this certificate that the Clerk did not intend to approve the bond. He so notified appellant, Jack Pinkston. On March 8, 1948, the Clerk of the District Court wrote to Jack Pinkston telling him, among other things, that he had received the purported appeal bond and that it had been his experience that such bonds are not worth the paper they are written on. He further stated he was going to demand a bonding company bond until further developments. On March 11, 1948, Jack Pinkston wrote to Hon. J. M. Stokes, Clerk of the District Court, acknowledging receipt of the Clerk's letter of March 8, 1948, and urging the Clerk to file and approve the bond, assuring him that the sureties were sufficient and informing him that he did not have a legal right to demand a bond with corporate sureties.

On March 12, 1948, Jack Pinkston wrote the Clerk, among other things, as follows:

"Therefore, since sufficient time does not now remain within which for me to have a corporate surety bond approved and filed with you, within the time limit prescribed under the said Rule 385, and since the district clerk of Dallas County, Texas, has certified the bond which was tendered to you for filing in the above cause several days ago, I shall request first that you approve the said bond and forward the transcript together with such bond to the Court of Civil Appeals in accordance with my letter to you of yesterday; or, on the other hand, if you still refuse to approve the personal surety bond so tendered to you by me, I then request that you show the said bond as having been filed in your office on the date the same was received by you, that you endorse on said bond the fact that you are refusing to approve the same because it was not executed by a corporate surety, and that you then incorporate said bond into the transcript and forward said transcript, together with the statement of facts, to the Court of Civil Appeals for their disposal."

On March 13, 1948, the clerk wrote the following to appellants:

"This is to advise that I filed your bond when received, then after looking it over, I arrived at the conclusion not to approve it, since you request that I state on the bond, 'but not approved, due to the reasons' there stated. I was not then satisfied as to the sufficiency of the amount of the bond, nor am I now satisfied with the personal security feature.

"We will send copy of said bond along with the transcript."

■ The judgment in the case shows to have been rendered on February 23, 1948, and, as it relates to a temporary injunction, an appeal therefrom could only be perfected by filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from, and by filing the record in the appellate court within the same twenty days. Provision is made for an extension of time for the filing of the record upon a proper showing, but there can be no extension of time for the filing of the appeal or supersedeas bond. Rule 385, Texas Rules of Civil Procedure; Dulaney v. Neely, Tex.Civ.App., 173 S.W.2d 730.

Rule 385 does not attempt to determine the amount of such bond or by whom it is to be approved, thus we are relegated to Rule 354, T. R. C. P., to determine these matters. Rule 354 makes it the duty of the clerk to fix the probable amount of the costs on appeal, and the bond must be in at least double this amount. The bond is to be approved by the clerk.

Here the bond presented to the clerk was in the sum of $300, but there is no showing that the clerk had ever been requested to fix the amount of the probable costs on appeal and that the bond was in at least double that amount. The record further shows that the clerk not only did not approve the bond, but expressly refused to do so. There was no affidavit attached to the bond showing that the sureties were financially sufficient. The only evidence of the sufficiency of the sureties was a certificate of a deputy district clerk of Dallas County stating that he knew the sureties, that in his opinion they were sufficient, and that if the bond was presented to him he would approve the same.

■ When a district clerk is called upon to approve a bond as to its financial sufficiency he performs more than a ministerial duty, he is called upon to exercise discretion, his act becomes a quasi judicial one and his decision is conclusive in an administrative sense. Baker v. Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148.

■ The unapproved bond found in the transcript is insufficient to give this Court jurisdiction of this case. The act of the clerk in fixing the probable amount of costs and approving of an appeal bond is essential to its validity. Houston & T. C. Ry. Co. v. Smith, Tex.Civ.App., 97 S.W. 519; Baker v. Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148.

The record herein cannot be filed for the reason that it does not contain an appeal bond in double the probable costs as fixed by the district clerk and approved by him.

In view of this defect in the record it is unnecessary for us to determine whether

or not good cause is shown for not tendering the record here within the twenty-day period fixed by Rule 385, T. R. C. P.

This motion, as well as appellants' second motion for an extension of time, being Motion No. 15694, is overruled.