234 So.2d 867

Ex parte Resolute Insurance Company, a Corp.

In re RESOLUTE INSURANCE COMPANY, a Corp.

v.

Robert T. ERVIN, as Presiding Judge, etc., et al.

1 Div. 571.

Supreme Court of Alabama.

April 30, 1970.

Hand, Arendall, Bedsole, Greaves & Johnston, Harwell E. Coale, Jr., Mobile, for petitioner.

No brief for respondents.

HARWOOD, Justice.

David G. Durham was adjudged guilty of carnal knowledge of a girl over twelve years of age and was sentenced to ten years imprisonment in the penitentiary. He gave notice of appeal and the court suspended the execution of the sentence and fixed his appeal bond at $10,000.

Durham was released from prison on a bond signed by himself and two individuals. However, he was later surrendered by his sureties and reincarcerated.

Thereafter on 21 January 1969, he presented to Hon. John E. Mandeville, Clerk of the Circuit Court of Mobile County, an appeal bond signed by himself and Resolute Insurance Company, as surety. This bond was refused by the clerk. At this time the attorney for petitioner learned of a rule (Rule 20) adopted by the circuit judges of Mobile County. This rule provides that professional bondsmen in Mobile County would present to the presiding judge of the circuit court during February 1968, and January of each following year, evidence of their qualifications as such bondsmen, evidence of financial responsibility, power of attorney from any principal or surety, corporate or otherwise, showing the maximum responsibility of any surety, as well as any other limitations placed upon an agent signing such bonds.

The rule further provided that the presiding judge would from time to time furnish the names of qualified professional bail bondsmen doing business in Mobile County, including their maximum limit of liability, to the Sheriff of Mobile County, and other officers of Mobile County having authority to approve bail bonds in criminal cases.

On 24 January 1969, the attorney for Resolute, accompanied by David D. Livingston, attorney in fact for Resolute, appeared before a meeting of the circuit judges and presented evidence tending to establish that Resolute was qualified to execute bail bonds in Mobile County.

Thereafter, on 3 February 1969, a second appeal bond was presented to the clerk of the circuit court. This appeal bond was refused by the clerk on the basis of a letter written to the clerk by the Hon. William D. Bolling, one of the circuit judges of Mobile County. This letter reads:

"At a meeting of the Circuit Judges on Friday, January 31st, (1969) it was the consensus of those present that bonds executed by the above company (Resolute Insurance Company) should not be accepted as good and sufficient surety.

"You are therefore directed not to accept bonds by this company until further direction of the Judges." (Par. ours.)

After refusal of the second proffered appeal bond, Durham filed in this court a petition for a writ of prohibition, or in the alternative a writ of certiorari, or in the further alternative, for a writ of mandamus.

The sworn petition sets forth the facts above shown. Additional averments in the petition, and the exhibits attached to and made a part of the petition, show that at all times relevant hereto, Resolute Insurance Company was licensed and qualified by the Insurance Department of the State of Alabama to write casualty and fire insurance, and to issue through resident licensed agents all types of fidelity and surety bonds, including appearance and appeal bonds.

By an instrument dated 23 September 1968, filed with the Alabama Insurance Department, David D. Livingston and Tommy A. Nolan, were appointed agents and attorneys in fact of Resolute with authority to execute in behalf of Resolute bail bonds, supersedeas bonds, and appeal bonds in all judicial proceedings, subject to the limitation that no bond was to exceed $25,000.

The petition averred that the action of the circuit judges, and of the clerk in refusing the proffered bond, was unauthorized by law.

The petitioner prayed that this court issue a rule nisi or other appropriate alternative writ to review the action of the respondents, and that upon a final hearing that this court grant an appropriate peremptory writ directing the respondent judges to desist from instructing the clerk to refrain from accepting Resolute as a surety

on bonds, and further to instruct the clerk to accept bonds executed by Resolute. There was also a prayer that such other and further general relief as the petitioner might be shown to be entitled.

This court issued a rule nisi as prayed.

The respondents have filed their answer to the rule nisi. The petitioner filed a motion to quash the answer on the grounds that the same was argumentative, conclusionary, showed no valid reason justifying the actions of the respondents, and was not addressed to the writ issued, but rather to the petition.

This matter was submitted on the petition, the answer of respondents, the motion to quash the answer, and brief of the petitioner.

In their answer the respondents have listed some fifteen reasons allegedly justifying their actions. Some of these grounds or reasons are patently irrelevant as constituting a sufficient answer to the rule nisi, and we pretermit a discussion of them.

The respondent judges assert that Section 201, Title 15, Code of Alabama 1940, confers upon them an absolute discretion in the matter of accepting bonds made by a corporate surety. This section sets out the qualifications of acceptable bailors or bondsmen, the required extent of their financial worth, etc. The concluding sentence of the section reads:

"* * * ; or the court, magistrate, or officer, in taking bail, in lieu of the foregoing, may allow a corporation, foreign or domestic, qualified to do a bonding business in this state, and authorized to execute the undertaking of bail, to execute such bail."

The use of the word "may" in the foregoing sentence is the basis of respondents' assertion of absolute discretion in controlling the acceptance of corporate sureties. A reading of the entire section, we think, necessarily dictates the conclusion that the word "may" in the sentence is not used in the sense of permissiveness, but to authorize alternately and additionally the acceptance of bonds executed by corporate sureties qualified to do business in this state, and authorized to execute such undertakings.

Chapter 2, "Insurance," Sections 1–431 of Title 28, Code of Alabama 1940, vests *exclusively* in the Alabama Department of Insurance the superintendence and regulation of insurance companies, foreign and domestic, doing business in this state. Under these provisions, the Department of Insurance had authorized Resolute to execute appeal bonds.

As we interpret Section 201, Title 15, Code of Alabama 1940, that part dealing with the acceptance of *individual* bonds, clothes the officer taking such bonds with quasi judicial authority in the matter of determining the acceptability of the bond.

■ However, under the last sentence pertaining to corporate bonds which we have set out above, it is our view that where a corporate bond is executed by an insurance company authorized by the Department of Insurance to execute such bonds, the sufficiency of the corporate surety has already been determined by the Department of Insurance. No exercise of judgment or discretion is cast upon the officer to whom such bond is presented. His action in accepting such bond is purely ministerial. See Taylor v. Kolb, 100 Ala. 603, 13 So. 779; Ex parte Thompson, 52 Ala. 98.

Where a sentence is for twenty years or less, and notice of appeal is given, the judge must suspend the execution of the sentence, and must direct the clerk to admit the defendant to bail in a sum to be fixed by the judge. Section 372, Title 15, Code of Alabama 1940.

■ Thus by the wording of Section 372, after the judge has fixed the amount of the appeal bond, it is the duty of the clerk, and the clerk only, to approve, or disapprove, the appeal bond. We know of

no authority in the court to direct the clerk in the exercise of this duty. The act of the clerk in refusing to approve the appeal bond in this case on the basis of the letter from Judge Bolling must be deemed in law capricious, and subject to be corrected by mandamus. Hamm v. State ex rel. Martin, 250 Ala. 81, 33 So.2d 358; Baker v. Denniston-Boykin Company, 245 Ala. 407, 17 So.2d 148.

■ The respondent judges further assert authority for their action in the premises, the provisions of Section 172, Title 13, Code of Alabama 1940:

"The presiding judge shall exercise a general supervision of the judges, clerks, registers, bailiffs and sheriffs, and see that they attend strictly to the prompt, diligent discharge of their duty."

This section is not to be construed to mean that a presiding judge can direct and usurp the functions and duties of the named officials. His supervision is limited by the statute to see only that such officials promptly and diligently discharge their duties. Further, in Section 126(6), Title 13, Code of Alabama 1940, defining the authority and powers of the circuit court, it is provided that such courts have authority to make rules, and orders which may expedite the business of the court, "when such orders, rules, or regulations are not contrary to the Constitution and statutes of this state, or to the rules adopted by the supreme court."

We find nothing in Rule 20 of the Circuit Court of Mobile County authorizing the action of the judges in instructing the clerk not to accept bonds from Resolute. Such application of Rule 20 is contrary to Section 372, Title 15, Code of Alabama 1940.

Paragraph 8 of respondents' answer asserts that the records of the clerk's office did not "indicate" that the appeal bond was executed with sufficient surety in view of the great difficulty experienced in collect-

ing final forfeitures from petitioner, and in collecting some pending forfeiture.

Paragraph 9 asserts that the conduct of business by petitioner in the last three years has greatly impaired the efficiency of the circuit court due to absence of defendants, delay in paying forfeitures, continuances, etc., and further it appeared that if a defendant failed to appear for trial, no bondsman was available in Mobile to contact and surrender the defendant to the custody of the court.

■ Assuming the allegations of paragraphs 8 and 9 to be true, they furnish no answer to the rule nisi which raises the issue of whether the petitioner is a sufficient surety under the law, for the reason that an insurance company under the provisions of Section 64, Title 28, Code of Alabama 1940, must satisfy the State Superintendent of Insurance of its financial responsibility, and under the provisions of Section 65, Title 28, Code of Alabama 1940, such company must appoint the superintendent its agent upon whom all lawful processes may be served.

Under these circumstances it would appear that the statutory provisions relative to forfeiture of bail bonds could be called into operation without any serious disruption of the court's business.

■ As to the assertion in the answer that if a defendant failed to appear for trial, no bondsman was available in Mobile to contact and surrender such defendant, we have found no provision in our statutes requiring that a surety be a resident of the county.

In Mobile Mutual Ins. Co. v. Cleveland, 76 Ala. 321, the clerk had refused to approve an attachment bond of individual sureties on the ground that none were residents of Marengo County. The court stated:

"There is no law in this State requiring that sureties on an attachment bond shall

be a resident in any particular county; * * * The clerk, therefore, was not authorized to make residence in Marengo County one of the conditions of the approval of the bond."

By analogy the same principles, for the same reason, should apply to bail bonds in criminal cases.

It would appear that insofar as the clerk, Mr. Mandeville, is concerned, his duties in the premises being ministerial only, in view of the fact that a corporate bond executed by a company authorized to make such bonds by the Alabama Department of Insurance was tendered, nothing in the answer justifies his action in refusing to accept the same.

It is questionable that the letter of Judge Bolling to the clerk should be considered as either an order, judgment or decree. It would seem to express only the views of the judges based upon Rule 20 which, if applied in an attempt to control the clerk in the matter of accepting bonds, must be deemed unenforcible.

We can, however, understand the clerk's reluctance to disregard the same. We think, therefore, that the petitioner is entitled to the peremptory writ as prayed as to respondent Mandeville, as clerk.

Being of the view that the respondent judges, upon receiving a copy of this opinion, will no longer attempt to apply Rule 20 in such manner as to usurp the functions of the clerk, we refrain from entering a peremptory writ to them, and are hereby quashing the rule nisi heretofore issued to the respondent judges.

Unless upon receipt of this opinion by the respondent, Mandeville, he accepts the appeal bond in question, a peremptory writ will be awarded as to him.

The rule nisi as to the respondent circuit judges is quashed, and the peremptory writ as to such respondent judges is denied.

Writ of mandamus awarded conditionally as to respondent John E. Mandeville,

as clerk; writ denied as to respondent circuit judges.

LAWSON, MERRILL, BLOODWORTH and MADDOX, JJ., concur.